LAWLESS, Appellant, *vs.* COLLIER'S EXECUTORS, Respondents.

1. The rule which limits the recovery, in an action upon the covenant of seizin, to a nominal sum, until there has been an actual eviction, does not apply where the title conveyed has entirely failed, and the grantee holds by an adverse title.

2. Where the grantee has purchased in the adverse title, the measure of damages is the amount paid.

3. But where the grantee assigns the covenants in the deed of his grantor, as a part of the consideration paid for the adverse paramount title, the assignee is entitled to the full amount of the purchase money, in an action upon the covenant of seizin.

4. A reconveyance is not necessary to a recovery of the entire purchase money, where the title has entirely failed.

5. As, under our statute, the occupant of land is only liable to the real owner for the rents and profits for the five years next preceding the commencement of suit for the possession, he might, it seems, in an action against his grantor upon the covenant of seizin, only be entitled to recover interest upon the purchase money for the same period, where his occupation had been beneficial.

*Error to St. Louis Court of Common Pleas.*

*T. T. Gantt,* (with *A. J. & P. B. Garesché,*) for plaintiff in error. The title conveyed by Collier having been entirely defeated, the measure of damages is the purchase money and interest. 10 Mo. Rep. 466. The title derived by Gamble from Collier being a nullity, he abandoned it, and purchases from the person holding the real title. But he obtains no facility for making this purchase from Collier's deeds to him. Suppose he had sued Collier on the covenants before buying

the real title. Would not his rights, as against Collier, be just what they are now? Again, the title to the tract of forty acres was not quieted by the purchase from Lawless, but only by the location of this claim, so as to cover the tract. Who will measure or estimate the value of the services rendered in effecting this location? An eviction is not necessary, to entitle the plaintiff to more than nominal damages. Rawle on Covenants, 83, and cases there cited.

*Haight & Shepley*, for defendants in error. The amount paid by Gamble for the paramount title is all that could be recovered by Gamble, were he plaintiff, and his assignee stands in no better position. This is the measure of damages upon the covenant of seizin. *Spring* v. *Chase*, 22 Maine, 505. Rawle on Covenants, 92. Sedgwick on Damages, 175. Also upon the covenant of warranty. 8 Pick. 457. 11 N. Hamp. 87. Rawle on Covenants, 280. Also upon the covenant against incumbrances. 8 Pick. 550. 30 Maine, 398. 3 Cushing, 201. Rawle on Covenants, 131, 241. This rule has been recognized in this state. *Collier* v. *Gamble*, 10 Mo. Rep. 473. *Reese* v. *Smith*, 12 Mo. Rep. 344. The plaintiff cannot recover the whole consideration money and interest, because he is not in a condition to restore to Collier or his heirs the title conveyed by the deed to Gamble. *Catlin* v. *Hurlburt*, 3 Ves. 409. Rawle on Covenants, 83. 4 Dallas, 436, note.

SCOTT, Judge, delivered the opinion of the court.

On the 29th day of September, 1831, George Collier, for the sum of $800, conveyed to H. R. Gamble, in fee, sixteen and a fraction acres of land, with a covenant that he was seized of an indefeasible estate therein. On the 8th of November, 1834, Collier conveyed to Gamble 24 91-100 acres of land for the sum of $1,868, with a like covenant as in the first deed. These two tracts were contiguous and made one parcel, and on the 14th day of March, 1836, were conveyed by Gamble to

Adam L. Mills, for the sum of twelve thousand dollars, by a deed, containing the covenants expressed by the words " grant, bargain and sell," and a general warranty. Afterwards, doubts began to be entertained about the validity of the title of Collier to the land conveyed to Gamble, and by Gamble to Mills, and Gamble, on the 16th day of March, 1842, purchased from Luke. E. Lawless, who claimed under the heirs of Amos Stoddard, one undivided fifth of a tract of 350 arpens, which entirely covered the land conveyed by Collier to Gamble. In a conflict between the titles of Collier and the heirs of Stoddard, the latter prevailed, Collier claiming under a New Madrid location, and Stoddard's heirs under a concession by the Spanish government, confirmed by the act of congress, of July 4th, 1836. The consideration of the conveyance from Lawless to Gamble, was one thousand dollars and an assignment of the covenants contained in the deeds of Collier to Gamble, in trust for Virginia Lawless, the plaintiff, and wife of Luke E. Lawless. The title of Collier having been defeated by that of the heirs of Stoddard, Gamble, by means of the one-fifth part of the claim of the said heirs, which he had purchased from Lawless, was enabled to perfect the title to the land he had conveyed to Mills, and by suitable conveyances between all interested, Mills and those to whom he had conveyed, were made secure in the possession of the land they had purchased from Gamble. Neither Mills nor those claiming under him have been actually evicted, nor has Gamble been compelled to pay any damages, by reason of any covenants contained in his deed to Mills.

On this state of facts, Virginia Lawless, the beneficiary assignee of Gamble, institutes an action for a breach of the covenants of seizin contained in the deeds from Collier to Gamble, claiming damages to an amount equal to the purchase money received by Collier, with interest from the time of payment.

The defendant maintained that the plaintiff was only entitled to nominal damages.

The court directed the jury that the measure of damages was the sum paid by Gamble to Lawless for the interest he acquired in the claim of Stoddard's heirs, together with interest. There was a verdict accordingly.

1. As the title under which Collier held the land has been defeated, and as Mills and those claiming under him no longer hold by the title originally obtained from Gamble, but by means of the purchase made by Gamble from Lawless of an interest in an adverse title, the rule which limits the recovery, in an action on a covenant of seizin, to a nominal sum, until there has been an eviction, has no application under the circumstances of this case. Where the title conveyed has been defeated, and the grantee or his assigns hold by a title adverse to that acquired from their grantor, there can be no necessity for submitting to the form of an eviction, in order to be entitled to a recovery of full damages for a breach of the covenant of seizin. The reason of the rule, as laid down in the case of *Collier* v. *Gamble*, 10 Mo. Rep. 473, shows that it is inapplicable to the the circumstances of this case, as now presented. Rawle, speaking on this subject, says : " Cases may of course occur, in which, although the purchaser may have paid nothing to buy in the paramount title, and may still be in possession, yet, when the failure of title is so complete, and the loss so morally certain to happen, that a court might feel authorized in directing the jury to assess the damages by the consideration money." 83.

2. The weight of American authority has determined that the covenant for seizin is broken, if broken at all, so soon as it is made, and thereby, an immediate right of action accrues to him who has received it. But in such case, the grantee is not entitled, as a matter of course, to recover back the consideration money. The damages to be recovered are measured by the actual loss at that time sustained. If the purchaser has bought in the adverse right, the measure of his damages is the amount paid. If he has been actually deprived of the whole subject of his bargain or of a part of it, they are measured by

the whole consideration money in the one case, and a corresponding part of it in the other. Rawle, 44.

3. Under the peculiar circumstances of this case, what is the measure of damages? Can it be said that the purchase money paid by Gamble to Lawless is the just measure? Was it by the payment of the sum of $1000 only, that Gamble was enabled to secure the title or possession of his vendee, and thereby prevent a recourse against him on his covenant. Such an assertion is not warranted by the facts. We cannot say that Lawless, in making a sale of his land, did not regard the covenants of Collier as worth the full sum which they were given to secure. He did not convey to Gamble the identical land that Gamble had conveyed to Mills. His conveyance of itself did operate but partially to secure Gamble, and thereby destroy his recourse against Collier for his purchase money. It was by the acts of Gamble, subsequent to Lawless' conveyance, that his vendee's title was perfected. What right had Gamble, then, to adopt a course of conduct which would have impaired the recourse of Lawless' trustee on the covenants which had been assigned to him for the benefit of Virginia Lawless. In so doing, he would have injured the plaintiff and have destroyed a part of the consideration he had given to Lawless for his interest in the Stoddard claim. Would not Gamble then have been liable to Virginia Lawless, for the destruction of the right which he had assigned for her benefit. This is the consequence flowing from holding that the $1000 paid by Gamble to Lawless should be the measure of damages in this action. This would be unjust to Gamble. It would be placing him in the attitude of a wrong doer to the plaintiff, whilst performing an act dictated by considerations of justice to himself and to those to whom he was under obligations to indemnify. Is it not more just, that Collier should refund the money he has received from Gamble, the consideration of which has entirely failed, than that Gamble should be placed in the condition of enriching himself at the expense of another. No one can say that, without the assignment of the covenants in Collier's deeds,

Gamble ever would have been enabled to obtain Lawless' interest in the Stoddard claim. We know not how those covenants were estimated. No rule is known by which their value can be reduced below the sums they were given to secure.

4. It was maintained that, before there could be a recovery of the entire consideration money received by Collier, there should be a reconveyance of the title derived from him. The want of such a reconveyance is no bar to the action. This matter rests in the discretion of the court. Under the circumstances of this case, a court would impose no terms to prevent a recovery of the entire consideration money. A reconveyance here would be a nugatory act and totally unavailing for any purpose. Rawle, 84.

5. As to the question of interest, we are unable, from the state of the record, in relation to that matter, to express an opinion which should govern this case. Our law maintains that a valid contract may be made respecting a settlement on the public lands. A settler on the land of the government may have his action for the sum promised him in consideration of his yielding up his improvement. A vendor possessed of land in good faith, on a contract of sale, will frequently sustain considerable loss, and be subjected to great inconvenience, by giving up possession to his vendee. We can almost feel the injustice of telling that vendor, when he is sued for the purchase money he has received, that he shall pay interest, and yet be allowed nothing for the rents and profits the vendee has derived from the possession, for the reason that the vendor had no title, and his vendee is liable over to the true owner. We know that, nine times in ten, this liability over to the real owner is a mere bugbear. When improved lands are sold, the rent of the land and the interest of the money are supposed to counterpoise each other. The one is supposed to be an equivalent for the other. In this state, many invest their money in unimproved lands, relying on the increasing value of the land, as an equivalent for the interest of the money invested. Purchases may also be made, in which this latter inducement may be blended

with a desire to obtain land but partially improved.   In case, therefore, of unimproved land, it would be unjust to say, in this state, as has been said elsewhere, that, whether the vendee turned his purchase to a profit or a loss, was no concern of the vendor, since, if a person purchase real estate, it is to be presumed that he does so because its rents will be equivalent to the interest of the money he may be content to pay for it.

These considerations show the difficulty of prescribing any fixed rule, in relation to the interest that is to be recovered in suits on covenants for seizin.   When the possession obtained by the vendee, by reason of his purchase, has been beneficial, and he has not been, and it can be seen with certainty that he will not be liable over to the real owner for the rents and profits, it would be unjust to allow him full interest on the purchase money.   Where the possession has not been beneficial, and it may be inferred that it was contemplated by the parties that it would not be so, justice requires that interest should be allowed from the time of the payment of the purchase money. Our statute regulating the action of ejectment, does not allow a recovery of the rents against an occupant, under any circumstances, for more than five years next preceding the commencement of the action.   If the real owner is thus restrained in his recovery of the rents and profits against the occupant, no reason is seen why the recovery of interest should not be limited to the same period, in cases in which the possession has been beneficial.

These views are sustained by authority, and it is supposed that they will furnish a rule for the allowance of interest, when the facts of the case are disclosed.   Rawle, 91, 94.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded.

Judge Gamble did not sit in the cause.