The State v. Mayor.

THE STATE v. MAYOR, *Appellant.*

Practice: BILL OF EXCEPTIONS: VACATION ENTRY. The judge of a court had no power under Revised Statutes, 1879, section 3636, as amended by act of 1885 (Laws, p. 215), to extend by vacation order the time for filing a bill of exceptions.

*Appeal from St. Charles Circuit Court.*—HON W. W. EDWARDS, Judge.

AFFIRMED.

*T. S. Cunningham* and *F. E. Luckett* for appellant.

(1) The judge having the authority to make the order on the back of the reporter's notes, the filing of the bill of exceptions was in time. (2) The evidence does not support the verdict. (3) Instruction number 1, given by the court on its own motion, is erroneous. *State v. Reeves,* 97 Mo. 668. (4) The jury should have been told what constituted reasonable doubt. *State v.*

*Nueslin*, 25 Mo. 111; *State v. Evans*, 55 Mo. 460; *State v. Heed*, 57 Mo. 252; *State v. Christian*, 66 Mo. 138; *State v. Gann*, 72 Mo. 374. (5) A new trial should have been awarded because the jury were allowed to separate. *State v. McLean*, 8 Mo. 153 and cases cited; *State v. Mix*, 15 Mo. 153; *State v. Igo*, 21 Mo. 460; *State v. Burns*, 33 Mo. 488.

*John M. Wood*, Attorney General, for respondent.

BLACK, J.—The defendant was tried and convicted at the March term, 1888, of the St. Charles circuit court for seducing a female under twenty-one years of age, under promise of marriage. The question presented at the threshold of the case is whether there is any bill of exceptions which we are at liberty to consider.

On the ninth of April, 1888, and at the said March term, the court made an order that the bill of exceptions be signed and filed on or before the twentieth day of June, 1888, in vacation. This order was made with the consent of the prosecuting attorney and the attorney for the defendant. The bill of exceptions purports to have been signed by the judge on June 20, 1888, but it was not filed with the clerk of the court until July 21, 1888. The bill was not, therefore, filed within the time specified in the order, and is no part of the record, unless made so by the stipulation filed in this court and signed by the attorney general and attorneys for defendant. In that stipulation it is agreed "that the following entry was made on the reporter's notes by Judge W. W. EDWARDS, who tried said cause: 'Presented June 20, 1888, and bill of exceptions to be signed as of this date, when examined and settled.'" This entry of the judge was made in vacation, and it does not appear that the prosecuting attorney was present or gave his consent to the extension of time, and the entry was simply endorsed "on the reporter's notes." It is clear that the

bill of exceptions had not been prepared and presented to the judge for his signature at that date, and the entry of the judge amounts to simply a vacation order extending the time for filing a bill of exceptions, and that, too, without the consent of the prosecuting attorney. He had no power to make the order.

Section 3636, Revised Statutes, 1879, as amended by the act of March 28, 1885 (Laws, p. 215), provides that exceptions may be written and filed during the term of the court at which they are taken, "or within such time thereafter as the court may, by an order entered of record, allow." This statute allows the court to extend the time for filing the bill of exceptions beyond the term at which the exceptions were taken, and this, too, with or without the consent of the opposite party; but the order must be made by the court and entered of record, and it furnishes no authority to the judge to extend the time by a vacation order. Section 2168 of the Revised Statutes of 1889 gives the judge power to extend the time before allowed for filing the bill of exceptions by a vacation order, but such was not the law when the judge made the order in this case. The order made in term time by the court in this case was not complied with, and the objection made to the bill of exceptions is well taken. There is, therefore, no bill of exceptions in the case which we can consider, and, as there are no errors upon the face of the record proper, the judgment is affirmed. All concur.