WEBSTER COUNTY, *Appellant*, v. CUNNINGHAM.

1. **Practice:** BILL OF EXCEPTIONS: FILING AFTER TERM. Under the law in force in this state before the enactment of section 2168 (Revised Statutes, 1889), a bill of exceptions filed after the closing term of the cause, without any order therefor made during that term, is invalid and cannot be considered on appeal.

2. ——— : ——— : ———. The foregoing question of practice is ruled by the law in force when the appeal was taken.

*Appeal from Webster Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

THIS is an action to enforce a bond and mortgage, executed to evidence and secure a loan of the school funds of Webster county.

The defense is that the obligation of the instrument was discharged by reason of facts amounting to a release of the defendants as sureties in the bond.

The reply put this defense in issue.

The court found for defendants, and there was judgment accordingly.

The other material facts are stated in the opinion.

*Samuel Dickey* for appellant.

(1) There is nothing judicial in the functions exercised by county courts in relation to school funds. *Washington County v. Boyd*, 64 Mo. 179. When they step beyond the prescribed course, their acts are void, and persons dealing with such courts are bound to take notice of their powers. *Sturgeon v. Hampton*, 88 Mo. 203 ; *State v. Shortridge*, 56 Mo. 126. (2) County courts have power to release mortgages only on payment of the debt. *Saline County v. Buie*, 65 Mo. 63. *LaFayette*

*County v. Hoxin*, 69 Mo. 581. (3) County courts can only speak by the record. *Maupin v. Franklin County*, 67 Mo. 327 ; *County, etc., v. Wood*, 84 Mo. 489.

*R. W. Fyan* and *E. D. Kenna* for respondent.

There is no bill of exceptions in the record, and the questions presented by appellant's brief are not before the court. *Rine v. Railroad*, 88 Mo. 401 ; *Spencer v. Railroad*, 79 Mo. 500 ; *Smith v. Pollack*, 58 Mo. 162 ; *West v. Fowler*, 59 Mo. 40 ; *Mentzing v. Railroad*, 64 Mo. 25.

BARCLAY, J.—The many interesting questions discussed in the able brief of counsel for plaintiff cannot be reached for decision because of the intervention of a formal but decisive point of practice made by defendant. The latter claims that the supposed bill of exceptions was not filed within the time required by law, and that the matters of exception disclosed in it cannot, therefore, be reviewed. The point is well taken, in view of principles recognized in former decisions on this subject. *State v. Mayor*, 99 Mo. 602 ; *State v. Hill*, 98 Mo. 570 ; *Rine v. Railroad*, 88 Mo. 401.

The cause was terminated in the circuit court at the September term, 1886. The bill of exceptions was signed November 10, 1886, which is conceded by plaintiff to have been after the close of the September term.

It is contended, however, that it became part of the record by virtue of a recital in the bill itself, to the effect that, "by agreement and consent of parties and the court, sixty days from last day of September term, 1886, is allowed for preparation and presenting of this bill of exceptions." It nowhere appears, in the bill or elsewhere, when this agreement was made or when the court or judge consented, or that any order of court on the subject ever existed.

Whether a recital in the bill alone ( as distinguished from the record proper ), filed after the term when the

record of the cause closed, would be sufficient if such an order or agreement were recited to have been made at the September term, we need not now determine. That question does not arise on this record. It certainly was essential that it should, in some wise, appear that the circuit court, before the end of the closing term of the case, allowed or approved the extension of time to file the bill. That showing is wanting here. Hence the bill cannot properly be considered for the purposes of review.

This issue is ruled by the law in force in 1886 (Revised Statutes, 1889, sec. 6594), which declared that such exceptions might be filed during the term of court when taken, or within such time thereafter as the court might, by an order entered of record, allow. Sess. Acts, 1885, p. 215.

The recent change made by section 2168, Revised Statutes, 1889, cannot, therefore, be invoked, and calls for no comment at this time.

Under the decisions cited, we necessarily must ignore the intended bill of exceptions.

As no assignments of error are discussed by plaintiff, involving a consideration of the record proper, it follows that the judgment should be affirmed. It is so ordered, with the consent of all the judges.