JOHN PENCE, Respondent, v. THOMAS E. GABBERT, Administrator, Appellant.

Kansas City Court of Appeals, November 4, 1895.

Covenant for Title: DAMAGES: POSSESSION: COTENANT: EVICTION. A vendee can not retain possession and recover substantial damages for a failure of title, though judgment establishing a paramount title to an undivided half in a third party has been rendered against him and he has paid the assessed damages in that action for rents and profits. There must be an actual eviction or its equivalent. Authorities discussed and distinguished.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

*James W. Boyd* and *Benj. Phillip* for appellant.

(1) A grantee is entitled to recover only nominal damages for breach of warranty of title where he does not surrender possession to the person holding paramount title, or does not show an eviction in favor of the true owner before the suit for damages is instituted. A judgment in ejectment is not an eviction, unless it has been satisfied. An unsatisfied judgment in ejectment is not an eviction. At the time this suit was filed, and up to the day of trial, the plaintiff had not surrendered possession of any part of the premises, nor had he been evicted under the judgment against him; the judgment was not satisfied, and the plaintiff was still in exclusive possession of all of the land, refusing to allow the plaintiff in the ejectment suit to take possession of any part of the land. *Walker v. Deaver*, 79 Mo. 664–678, and cases cited; *Maguire v. Reggin*, 44

Mo. 514; *Dickson v. Desire*, 23 Mo. 151; *Life Ins. Co. v. Sherman*, 46 N. Y. 370; 7 Am. and Eng. Encyclopedia Law, 39 N. 3; *Holladay v. Menifee*, 30 Mo. App. 207; *Cockrell v. Proctor*, 65 Mo. 41; *Collier v. Gamble* 10 Mo. 467; *Tracy v. Greffet*, 54 Mo. App. 562–567. (2) Where, as in this case, it is apparent, from the record, that the facts are all before the appellate court, and that there is nothing to try, the cause will not be remanded when reversed, but final judgment will be entered by the appellate court. *Brown v. Bank*, 5 Mo. App. 1; *Davis v. Krum*, 12 Mo. App. 279.

*A. D. Burnes* and *James W. Coburn* for respondent.

(1) Respondent has acquiesced in the judgment by admitting Mrs. Throckmorton's title to an undivided one half of the land by payment of the damages and costs of her ejectment suit. Respondent has also paid the rents assessed by the judgment from its date, which was prior to the institution of this suit, up to May 7, 1895. This operated as a lease from the date of the judgment to May 7, 1895. "Nor need there be any actual dispossession; if the paramount title is so asserted that he must yield or leave, the vendee may purchase or lease of the true owner, and this will be considered a sufficient eviction to constitute a breach of the covenants of the deed." 7 Cyc., pp. 40, 41; *McGary v. Hastings*, 39 Cal. 360. (2) There could not be any eviction, in the sense of ouster, as respondent and Mrs. Throckmorton were tenants in common. If an eviction was necessary, the judgment was an eviction in law. 4 Cyc., p. 486, note, and cases cited. *Norton v. Jackson*, 5 Cal. 263; *Hannah v. Henderson*, 4 Ind. 174; *Cummins v. Kennedy*, 3 Litt. (Ky.) 118; *Hale v. New Orleans*, 13 La. Ann. 499; *Cowdrey v. Coit*, 44 N. Y. 382; *Laughran v. Ross*, 45 N. H. 792; *King*

*v. Kerr*, 5 Ohio, 158; *Kincaid v. Brittain*, 5 Sneed (Tenn.) 124; *Williams v. Wetherbee*, 1 Aik. (Vt.) 233; *Drury v. Shumway*, 1 D. Chip. (Vt.) 110; *Gleason v. Smith*, 41 Vt. 293. And the Missouri cases so hold. (3) The rule of damages for breaches of warranty in the conveyance of land, in case of total failure of title, has ever been limited in this state to the purchase money paid, with interest thereon and costs. *Matheny v. Stewart*, 108 Mo. 79.

ELLISON, J.—This action is based on a petition for breach of covenants of warranty, contained in a deed to certain real estate in Platte county. Judgment was rendered for plaintiff for $1,656.05, which was the consideration paid for the land, including court costs, attorney's fee, etc., paid by this plaintiff in defense of an action of ejectment. The cause was submitted to the court on the following agreed statement of facts:

"* * * It is agreed by the parties hereto that on the first day of March, 1888, the defendant's intestate, George Gabbert, made and executed to the plaintiff a general warranty deed to and for the property mentioned in the petition, in which said deed the consideration paid for the entire tract of land is $2,400; that immediately upon the execution of said deed, which was also signed and acknowledged by the wife of said George Gabbert, the plaintiff went into the exclusive possession of all of said property and has remained in the exclusive possession thereof from that day up to the seventh day of May, 1894, under the said deed from George Gabbert, since which said date plaintiff has been in the exclusive possession of all of said land, refusing to allow Ann E. Throckmorton to take possession of any part of said land, but admitting that she has an undivided half interest therein.

"That on the sixteenth day of August, 1890, said Ann E. Throckmorton instituted suit in ejectment against the plaintiff herein for the possession of said land, and upon a trial of said cause recovered judgment for an undivided one half thereof, together with the rents and damages from the sixteenth day of August, 1890, up to the seventh day of May, 1894, which rents and damages plaintiff has paid; that, prior to the trial of said ejectment suit, the defendant's intestate was notified by plaintiff of the pendency of said suit, and also that he should defend the title thereto, and the said George Gabbert, in pursuance of said notice, did defend the title to said property in said suit. * * * Said case was appealed to the supreme court and in which said court a decree was made, directing the circuit court of Platte county, Missouri, to enter a judgment for the plaintiff therein, Ann E. Throckmorton, for the undivided one half of said land, which judgment was entered by said last named court, as hereinbefore recited. * * * "

Our opinion is that the trial court erred in rendering judgment for plaintiff for more than nominal damages. It will be observed that, while the intestate's title to one half the land failed and plaintiff therefore only got a title to one half of the land which the deceased attempted to convey to him, yet plaintiff is still in the undisturbed possession of the whole tract and refuses to allow Mrs. Throckmorton to take or have possession of any part thereof, though admitting that she had paramount title to one half thereof. If, therefore, the plaintiff is permitted to recover the consideration money for this one half of the land, and yet retain the possession and occupancy thereof, he will have both land and money, receiving from the former the profits thereof.

The rule is that there must be an actual eviction, or something which is equivalent thereto, before substantial damages can be sustained on account of a paramount title; for, while the mere existence of the paramount title is a breach of the covenant, for which nominal damages can be allowed, yet before substantial damages can be allowed, there must be an actual loss of the land, the title to which was warranted. *Collier v. Gamble*, 10 Mo. 473; *Cockrell v. Procter*, 65 Mo. 46; *Holladay v. Menifee*, 30 Mo. App. 207; *Tracy v. Greffett*, 54 Mo. App. 562.

It is contended by plaintiff that the existence of the judgment in ejectment in favor of Mrs. Throckmorton, together with plaintiff's admission that she has title to one half the land, is sufficient to entitle him to a substantial recovery, notwithstanding he has not been evicted. Such contention is not the law. For he may never be disturbed in his exclusive possession. He may hold adversely to Mrs. Throckmorton and thereby acquire the title by *reason of a possession which his grantor gave him*. He can not refuse to surrender the possession given him by the warrantor and at the same time recover the purchase money for the land. It is readily conceded that it is not necessary that he should show an actual eviction, but it must be something equivalent thereto. But, instead of this he shows here, in effect, a *refusal to be evicted*, since he refuses to let in the party who has the paramount title.

Plaintiff undertakes to make a distinction between this case and others where satisfaction of the judgment asserting paramount title is required, by showing that in this case plaintiff and Mrs. Throckmorton each owning an undivided half of the premises, thereby being tenants in common, plaintiff can not be dispossessed, since each has a right to the possession of every part. This contention is unsound. While plain-

tiff can not be expected to surrender to Mrs. Throckmorton the exclusive possession, he can very well surrender to her the right to possess and occupy with him, in accordance with her title. Plaintiff has not been asked to surrender the exclusive possession to the whole tract—he has only been proceeded against for the one half, and this he refuses to permit the paramount owner to enjoy.

Several of the authorities cited by plaintiff to sustain his position that an eviction is unnecessary, are against it, while the others concern cases unlike this. In *Cummins v. Kennedy*, 3 Litt. 118, the grantee *never received possession*; he found adverse claimants in possession and he was defeated by their better title, when he sought to eject them. In such case the court very properly held that he had the same right of action against the grantor, as though he had been evicted. His being prevented from entering by title paramount, was practically the same thing as if he had entered and been evicted by title paramount.

So in *Cowdrey v. Coit*, 44 N. Y. 382, an eviction by force was held unnecessary where the grantee purchased the land under the foreclosure of a prior mortgage and sold his bid to a third party, the latter receiving a deed from the officer making the sale and then the grantee surrendering it to him. For there is a surrender of possession to the holder of the paramount title. Again, in the case of *King v. Kerr*, 5 Ohio, 155, actual eviction was held unnecessary where a judgment in ejectment was obtained against the grantee and he, claiming the benefit of the "occupying claimant" law, settled the case under that law. The distinction between cases of the class to which the foregoing belong and the case at bar is apparent.

We will reverse the judgment and remand the cause, with directions to the circuit court to enter

judgment for plaintiff for nominal damages. All concur.

## ON MOTION FOR REHEARING.

Ellison, J.—We do not consider the case of *Snell v. Harrison*, 129 Mo. ——, as applicable to this case. The decision in that case is, that where a tenant in common recovers judgment in ejectment against his cotenant, who claims by adverse possession, the interruption to the statute of limitations caused by the commencement of the action of ejectment, continues to be an interruption during the life of the judgment, though no writ of restitution issues. But the reason (as will be readily observed) on which that decision rests is wholly different from the reason of the rule that there must be an eviction or other actual defeat of the possession taken under a grantor in a deed, before the consideration money can be recovered from such grantor. The reason for the latter rule is that as long as the grantee retains the possession which the grantor gave him, he is enjoying the land and its profits and has met with no substantial loss. If he may recover the price paid for the land and yet retain the possession, enjoyment and profit thereof, which he obtained through the grantor, he will, as before stated, have both land and money. Keeping in mind the unquestioned law that paramount title in a third party is not, without eviction or its equivalent, sufficient to authorize the recovery of the consideration money, we can readily see that the fact of such paramount title being settled by a judgment does not give it any greater force than it had before judgment. It was as much a paramount title before as after judgment. It is not the *fact* of there being a paramount title, however evidenced or so well established, that gives the

right to substantial damages; for substantial damages do not result from loss of title, but loss of enjoyment and profit.

· In *Home Life Ins. Co. v. Sherman*, 46 N. Y. 372, the court, through Chief Justice CHURCH, said: "A judgment alone is not sufficient; the possession must be disturbed or yielded. But if the tenant yields the possession, in pursuance of a judgment for the recovery of possession, or in consequence of it, to the person adjudged to be the rightful owner of the paramount title, it is an eviction. This distinction will reconcile the authorities which otherwise may seem conflicting. The rule to be gathered from all the authorities, and which accords with good sense, is that a person can not remain in possession of premises and still claim that he has been turned out; nor, when a judgment of a competent court has determined that he shall deliver possession to a particular person, need he wait to be forcibly ejected. He can acquiesce in the judgment of the court and voluntarily obey its mandate."

In this case the plaintiff, seeking to recover the consideration he paid for the land, is now enjoying the full possession and profit thereof. Not only that, but he refuses possession to the holder of the paramount title.

But plaintiff seeks to make some sort of distinction between this and ordinary cases, by the fact that he has paid the rents and damages which were adjudged against him in Mrs. Throckmorton's ejectment suit and that he has admitted and admits now that she has the paramount title to the undivided one half of the land. This only shows his perverse determination to hold on to the possession and profit of the land. He paid a certain sum as rents after they were adjudged against him and he refuses possession and, we must infer, pay-

ment of any further rents, yet at the same time admitting the fact of a paramount title.

We will overrule the motion for rehearing, though, since plaintiff fears that the present judgment will possibly bar him of another action, we will modify the judgment so as simply to reverse it and remand the cause. All concur.