JAMES A. EGAN, Appellant, v. THOMAS J. MARTIN *et al.*, Respondents.

Kansas City Court of Appeals, May 3, 1897.

1. **Covenant for Title**: SEIZIN: NOMINAL DAMAGES. The covenant of seizin is an assurance that the covenantor has the very estate both in quality and quantity which he professes to convey; and if quality or quantity is less the covenant is broken as soon as made and the grantee may recover damages without an eviction. But an entry by the grantee and a subsequent eviction entitles the grantee to recover purchase money with interest.

2. ———: ———: OUSTER IN PAIS. An actual eviction is not necessary to maintain an action on the covenant and the grantee may voluntarily do what the law would compel but he thereby assumes the burden to establish the paramount title.

3. ———: TENANTS IN COMMON: CONVEYANCE OF WHOLE ESTATE: ENTRY: DAMAGES. The conveyance by one tenant in common purporting to convey the entire estate gives color of title and if the grantee takes possession claiming the whole, such conveyance is an actual ouster of the cotenant, especially if it contains the covenant of general warranty; and when the grantee is evicted by or yields to the title of the ousted cotenant, he is entitled to recover the amount of the purchase money with interest at six per cent upon showing the cotenant's title paramount. *Pence v. Gabbart*, 63 Mo. App. 302, *distinguished.*

*Appeal from the Chariton Circuit Court.*—HON. W. S. STOCKWELL, Special Judge.

REVERSED AND REMANDED.

*O. F. Smith* and *A. W. Mullins* for appellant.

(1) Having found for plaintiff the circuit court erred in the assessment of damages. The plaintiff bought and paid for the entire title but obtained from defendants only an undivided one half thereof. Tiedeman on Real Property, sec. 851, and see authorities

there cited. And the covenant of seizin is broken as soon as made when the paramount title is held by a tenant in common with the covenantor. *Downer v. Smith*, 38 Vt. 466; *Mott v. Palmer*, 1 Comstock (N. Y.), 564; Martindale on Conveyancing [2 Ed.], sec. 165, p. 138; 2 Washburn on Real Prop. [2 Ed.], top p. 705, marg. p. 657. (2) The well established rule in breaches of the covenant of seizin in the admeasurement of damages is the purchase money and interest; and "where the title to part only of the land has failed the damages will be restricted to the part lost." *Collier v. Gamble*, 10 Mo. 472; *Morris v. Phelps*, 5 John R. 49; *Downer v. Smith*, 38 Vt. 466; *Henderson v. Henderson's Executors*, 13 Mo. 153; *Lambert v. Estes*, 99 Mo. 604, 608.

*C. Hammond & Son* for respondents.

The breach of covenant alleged is the outstanding paramount title in the masonic lodge to a part of the lot. Appellant is in possession—has not yielded to the owner of the alleged superior title, or acquired it. Under an unbroken line of adjudications of the supreme and appellate courts of this state, upon this record, appellant can only recover nominal damages, therefore the judgment of the trial court should be affirmed. *Collier v. Gamble*, 10 Mo. 473; *Lawless v. Collins*, 19 Mo. 480; *Cockrell v. Proctor*, 65 Mo. 46; *Adkins v. Tomlinson*, 121 Mo. 487, 495, 496; *Holliday v. Menefee*, 30 Mo. App. 207; *Tracy v. Griffett*, 54 Mo. App. 562; *Pence v. Gabbert*, 63 Mo. App. 302.

SMITH, P. J.—This is an action to recover damages for the breach of the covenant of seizin. The case is this: In the year 1855, one John F. Cunningham by deed conveyed to Warren Lodge No. 74, A. STATEMENT. F. & A. M.—incorporated—an undivided

half of twenty feet fronting on Bridge street and running back the full depth of the lot on the east side of lot 1, in block 1 in Redding's addition to the town of Keytesville, on which said lot there was a two story business house. There was a covenant in said deed to the effect that the grantee therein and its successors and assigns should have the exclusive right to use, possess, occupy, rent, lease, convey, or otherwise dispose of in any manner whatever all of the second story of "the building now situate upon said lot from the claim, right, molestation, or interruption of the grantor, his heirs and assigns, or of any person claiming through him or them," etc. And it also contained a similar covenant in respect to the rights of the grantor and his assigns as to the first story of the said building. There was also a further covenant in substance that the said grantor and his assigns and successors respectively might at any time convey the fee simple title to such undivided interest as they or either of them might have in said lot and that such conveyance or conveyances should not invest the purchaser or purchasers with any other or greater title and interest in said lot than such as were held and enjoyed by the original parties under said conveyance.

The defendants acquired, through mesne conveyances, the title of said Cunningham to the other undivided half of said lot. In 1893 the defendants, by a deed for the expressed consideration of $2,000, conveyed the whole of said lot to the plaintiff, "except so far as the rights of Warren Lodge No. 74, A. F. & A. M. affect the upper story of said building, said upper story belonging to said lodge and not intended to be conveyed herein." The deed contained the following covenants; that is to say, that the grantors therein "are lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right

to convey the same; that the said premises are free and clear of any incumbrances, done or suffered by them or those under whom they claim, and that they will warrant and defend the title to the said premises unto the said party of the second part, and unto his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever.'' The Masonic lodge has continued in the uninterrupted possession and occupancy of the upper story of the building ever since it went into possession under its deed in 1855.

The plaintiff went into possession under his deed, as he contends, of the whole of said lot except the upper story occupied by the Masonic lodge, and so continued until there was some talk in the lodge about putting up a stairway in the rear of the building, and the assertion by the master of the lodge of title to an undivided one half of the lot, when plaintiff made an examination of the records and found the deed from Cunningham conveying to said lodge an undivided half of the lot. After finding this deed the plaintiff did not any longer dispute the ownership of the lodge to an undivided half of the lot, but recognized its rights as tenant in common in respect to the lot. There is about thirty feet of the lot in the rear of the building on which is situate, in addition to the stairway, a warehouse. The plaintiff had judgment in the circuit court for nominal damages, and from which he has appealed.

The only question presented for decision arises out of the action of the court in refusing the plaintiff's third instruction by which the court was requested to declare: ''If the deed from the defendants to the plaintiff conveyed only the title to an undivided one half of the ground described in said deed, then the plaintiff is entitled to recover in this case the reasonable value, not exceeding the purchase price of the said undivided half of said ground

INSTRUCTIONS.

owned by said Warren lodge, with interest thereon at the rate of six per cent per annum from February 8, 1893." And the giving of the defendants' fourth instruction by which the court declared that "upon the pleading and the undisputed testimony in this case the finding, if for plaintiff, can only be for nominal damages."

The covenant of seizin is defined to be an assurance that the covenantor has the very estate both in quantity and quality, which he professes to convey, therefore, any outstanding right or title which diminishes the quality or quantity of the technical seizin will be a breach of the covenant. In such case it is broken as soon as made and thereby an immediate action accrues. The grantees may recover nominal damages for the breach on proof of outstanding title subsisting at the time of making the deed without an actual eviction. *Collier v. Gamble*, 10 Mo. 473; *Lawless v. Collins*, 19 Mo. 480; *Cockrell v. Proctor*, 65 Mo. 46; *Adkins v. Tomlinson*, 121 Mo. 487 (pp. 495, 496); *Holliday v. Menefee*, 30 Mo. App. 207; *Tracy v. Griffett*, 54 Mo. App. 562.; *Pence v. Gabbert*, 63 Mo. App. 302. But the question here is whether the plaintiff, under the facts of the case, was entitled to recover substantial damages.

It has been many times declared by the supervisory courts of this state that where the grantee is admitted into the possession of land under the deed of conveyance, to entitle him to recover back the purchase money from the grantor, he must have failure of title and an eviction or a surrender in obedience thereto. *Collier v. Gamble, ante; Shelton..v. Pease*, 10 Mo. 474; *Murphy v. Price*, 48 Mo. 250; *Cockrell v. Proctor*, 65 Mo. 41; *Holliday v. Menefee, ante.* And where the title to part only of the land has failed the damages will be restricted

*(margin note: COVENANT for title: seizin: nominal damages.)*

to the part lost. *Collier v. Gamble, ante;* Rawle on Cov. of Title, sec. 186.

But an actual eviction is not necessary to entitle a covenantee to maintain an action for breach of the covenant of warranty. The law does not require the idle and expensive ceremony of being turned out by legal process where that result would be inevitable. A party may voluntarily do an act which he may be compelled to do by legal process. In all cases of *ouster in pais* where there has been no judgment the burden of proof is upon the covenantee to establish the paramount title to which he has yielded. *Morgan v. R'y*, 63 Mo. 129; *Matheny v. Mason*, 73 Mo. 687; *Lambert v. Estes*, 99 Mo. 602; *Han v. Bray*, 51 Mo. 288; *Ward v. Ashbrook*, 77 Mo. 515; *Deckron v. Disen*, 23 Mo. *loc. cit.* 167. And the measure of damages in such case is the purchase money with six per cent interest from the time of yielding possession. *Hutchins v. Roundtree*, 77 Mo. 500; *Lambert v. Estes, ante.*

*— : —: ouster in pais.*

In the present case the defendants and the Masonic lodge were tenants in common, deriving their title from a common source. This is indisputable and undisputed. What was the effect of the deed by the defendants to the plaintiff purporting to convey the entirety and containing a covenant of general warranty against the claims of all persons, and especially as there was an entry of the plaintiff thereunder? The law seems to be well settled that a conveyance by one of several tenants in common which, upon its face, purports to convey the entire estate, will give color of title if possession is taken thereunder by the grantee claiming title to the whole of the lands conveyed. Such a conveyance will amount to an actual ouster and disseizin of his cotenants. *Long v. Stapp*, 49 Mo. 506; Newell on Eject-

*— : tenants in common: conveyance of whole estate: entry: damages.*

ment, 764, 405.   It will destroy the unity of the posses-
sion.   The plaintiff did not enter in the capacity of
tenant in common, but as owner of the entirety which
his deed purported to convey to him.   An entry under
such a conveyance is *presumed* to be in the assertion of
a right in severalty and is, of itself, sufficient evidence
that the grantee intended thereby to assert all the rights
with which his grantor has assumed the authority to
invest him.   Freeman on Coten. & Part., sec. 224, and
the cases there cited.   And if such conveyance, in
addition to purporting to dispose of the entirety, con-
tains a covenant of general warranty against the claims
of all persons, no room is left for a doubt that the
grantor intended to deal with the lands as his own indi-
vidual estate, and that the grantee believed he was
acquiring an estate in severalty.   The entry of the
grantee can not be presumed to be that of a cotenant
nor in subordination to the rights of cotenancy.   Free-
man on Coten. & Part., *ante.*

According to the principles just stated it is clear
that the conveyance by defendants to plaintiff
amounted to an ouster and disseizin of the masonic
lodge as to said lot excepting, however, the upper story
of the building.   The masonic lodge held the upper
story of the building in severalty.   Its possession was
thereafter limited to that.   It was not a cotenant of
the plaintiff.   When it claimed the right to place its
stairway in the rear of the building on that part of the
lot which was outside of the building this amounted to
the assertion of a hostile claim and that the defendants'
deed purported to convey to plaintiff.   When the
plaintiff was confronted with the title under which the
lodge claimed a right to the possession of the lot in
common with the plaintiff the latter could either yield
to that title or maintain his adverse possession until
dispossessed by an appropriate action at law.   If he

elected to pursue the former course he did so at his peril in so far as the defendants were concerned. As has been seen he thereby took the risk upon himself of being able to show that the paramount title to an undivided half of the lot was in the lodge. If it held the paramount title to an undivided half of the lot the plaintiff could surrender in obedience thereto without waiting to be turned out by legal process since that result would be inevitable. As already stated the lodge was invested with the paramount title to an undivided half of the lot.

The plaintiff having surrendered in obedience to the title of the lodge was entitled to recover damages to be measured by the actual loss he sustained. He was deprived of an undivided one half of his bargain. He was entitled to recover one half of the amount he paid for the lot with interest as the full and complete measure of his damages. To hold in a case where the facts are as here that the plaintiff has sustained no more than nominal damages would indeed be a travesty upon justice. It results that the trial court erred in its action refusing the plaintiff's said third instruction, and in giving the defendants' fourth. The defendants' third instruction is subject to the same objection as their fourth and should not have been given.

This case in its facts is not like that of *Pence v. Gabbert*, 63 Mo. App. 302, cited by defendants, for there, after there had been a judgment establishing the paramount title to an undivided half in a third party against Gabbert, he continued in the exclusive possession of the land. He did not surrender or let his cotenant into possession as in the present case. There was no admission of the other one half owner to his rights as tenant in common and hence the two cases are unlike.

The judgment of the circuit court will be reversed and cause remanded to the circuit court to be proceeded with in conformity to the conclusions of the law herein expressed.   All concur.