GOODHART, HARTMAN COMPANY, Respondent, v.
MICHAEL KINNEY, Constable, etc. Appellant.

St. Louis Court of Appeals, April 20, 1909.

PRACTICE: Bill of Exceptions: Time for Filing. Where the ab-
stract of the record shows no order made during the term at
which the appeal was taken, giving time beyond the term
for filing a bill of exceptions, but shows that an order was
made by the judge in vacation after adjournment for extension,
reciting that it was within the time originally given, and the
bill was filed within such extended time, an appellate court
will not consider matters of exception to the proceedings in
the trial court.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald*, Judge.

AFFIRMED.

*Felix O. Poston* for appellant.

*Clarence Ward* and *H. H. Willoughby* for respond-
ent.

NORTONI, J.—It is said in appellant's brief that
this is an action of replevin for three barrels of whisky
which the defendant constable held under a writ of at-
tachment. We are not otherwise advised touching the
nature of the action as the pleadings are not before us.
It appears plaintiff recovered and the defendant prose-
cutes the appeal on the short form provided for in sec-
tion 813, R. S. 1899 (sec. 813, Mo. Ann. St. 1906). All
of the arguments advanced for a reversal of the judg-
ment go to matters of exception on the trial. From what
appears in the transcript and abstract, we ascertain the
judgment was given at the February term of court. Mo-
tion for new trial was filed in due time and continued to

the April term, at which it was overruled. On June 2nd, during the April term, an appeal was allowed to this court and duly perfected. It affirmatively appears that the bill of exceptions in the case was not filed during the term at which the appeal was allowed and there is no entry found in the transcript nor a recital in the abstract that time for filing the bill of exceptions was extended thereafter. It is recited in the abstract, however, that on August 30, 1906, and before the expiration of the ninety days originally given plaintiff to file his bill of exceptions, said time was by the judge in vacation, extended until October 1, 1906, and that the bill of exceptions was filed thereafter, within the time said to be extended by the judge in vacation. However this may be, there is no recital whatever in the abstract that leave was granted beyond the term at which the appeal was perfected for the filing of the bill. In such circumstances, we are not permitted to review matters of exception. It has been frequently decided that it must appear in the abstract the court entered an order during the term extending the time for filing the bill before further extensions of time therefor will be valid. That is to say, unless it affirmatively appears in the abstract that the court extended the time during the term, the presumption obtains that the time was not extended, and therefore the court or judge in vacation is without authority to grant leave for filing the bill after the term was adjourned. [State v. Ryan, 120 Mo. 38, 22 S. W. 486; Webster County v. Cunningham, 101 Mo. 642, 14 S. W. 625; Greenwood v. Parlin & Orrendorf Co., 98 Mo. App. 407.] There being no bill of exceptions in the case by authority of the court, the record proper only is open to review here. [Graham v. Deguire, 154 Mo. 88, 55 S. W. 151.] There is no part of the record proper before us other than a certified copy of the judgment which appears to be regular on its face. Appellant has wholly failed to set forth either the pleadings or a statement of their substance in the abstract, and we are therefore

precluded from examining as to their sufficiency to support the judgment.   In these circumstances, the presumption obtains to the effect that the record proper is sufficient.

The judgment will be affirmed.   *Reynolds, P. J.,* and *Goode, J.,* concur.