Mahan, et al. v. Waters.

————o————

ANDREW MAHAN, et al., Appellants, v. ELMORE WATERS, Respondent.

1. *Promissory note—Readiness to pay at time and place designated—Effect of—Money must be brought into court.*—The readiness of the maker of a promissory note to pay the same at the time and place appointed, will stop interest from that time. But to avail himself of this defense upon trial, he must deposit the money with the clerk of the court.

2. *Promissory note—Readiness to pay—Subsequent demand and refusal must be only for principal—Must be pleaded.*—Where the maker of a promissory note is in readiness to pay the same at the time and place designated for payment, and the maker is in default, the latter may show a subsequent demand and refusal; but the demand must be for the precise sum due at maturity, and the

facts must be pleaded. If the demand is for the principal and interest since accrued, it will not operate as a demand and refusal after tender.

3. *Promissory note—Tender, admits what ?*—A plea of tender admits the existence of the debt.

### *Appeal from Caldwell Circuit Court.*

*Dunn & Johnson*, for appellants, cited in argument Berthold v. Reyburn, 37 Mo., 586; 2 Pars. Contr., 642, 645, 5th Ed.; 2 Greenl. Ev., 600.

*J. M. Hoskinson*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action brought by the plaintiffs as payees, against the defendant as maker of a promissory note for eighty dollars, dated May 30th, 1872, payable in six months from date, at the Breckenridge Express Office, with ten per cent. interest from maturity, and an attorney's fee of ten per cent., if said note should be placed in the hands of an attorney for collection, by reason of its non-payment.

The defendant alleged in his answer that the consideration of the note was a sewing machine, and an undertaking on the part of the plaintiffs, to instruct some member of the defendant's family, how to use the same; that plaintiffs failed to give any instructions whereby the defendant was damaged in the sum of twenty dollars, and the consideration of the note had failed to that extent.

For a further defense the defendant alleged, that on the day the said note became due, he went, with the purpose of paying the same, to the Breckenridge Express office, where it was made payable, and called on the express agent for the note, informing him that he had come with the money to pay it: that said agent informed him that said note was not there ; and defendant averred that it was not there for sometime after it became due, and claimed to be relieved of interest, costs and attorney's fee, and the further sum of $20 for partial failure of consideration. The answer further stated that the defendant brought the money into court and was willing to pay what was justly due on said note.

Plaintiffs, in their petition, stated the consideration of the note sued on to be a sewing machine, and, in their reply, denied all the allegations of defendant's answer.

The defendant testified to an engagement on the part of the agent himself, made at the time of the sale of the machine, to give instructions as to its use, once every week or ten days for the period of six months, but there was no testimony whatever of any undertaking by the plaintiffs, or either of them, in person, or by the agent on behalf of the plaintiffs, to give such instructions, or of any authority to the agent to so bind them.

He further testified that he called at the express office at the maturity of the note, for the purpose of paying the same, but it was not there.

The express agent testified in substance, that he first received the note for collection, on the 3rd day of February, 1873, and returned it February 15th, 1873. He received it again March 3rd, 1873, and returned it March 22nd, 1873, unpaid; and while it was in his possession the first time, the defendant expressed his willingness to pay it, if he would deduct the interest, but tendered him no money. Witness informed defendant that he had no authority to make any deduction; and stated further that he had no recollection of the defendant having called to see him about the note prior to February 3rd, 1873, though he might have done so.

There was testimony by the agent as to his agreement to give instructions, and as to the instructions given by him; but this need not be noticed.

It does not appear that any money was brought into court by the defendant.

The instructions asked by the plaintiffs and refused by the court, which the plaintiffs here insist should have been given, were based upon the idea, that it was the duty of the defendant, when he called at the express office to pay the note at its maturity, and found it was not there, to make a formal tender, to the express agent, of the amount of the note, unless there was a waiver of such tender by the agent.

The only instruction given by the court at the instance of the defendant, submitted to the jury the question of a partial failure of considerat'on, arising from the alleged failure of the plaintiffs to perform their undertaking to give instructions as to the use of the machine.

The court of its own motion gave the following instructions: "If the jury believe from the evidence that defendant on the day of the maturity of the note sued upon, called on the express agent, at the express office at Breckenridge, and inquired for the note and offered to pay it, and was informed that no such note was there, and also that said note never was sent to said express office, until February after it became due, then in making up their verdict, they will not allow plaintiff interest on the note for the time intervening·between its maturity and the time of its presentment to defendant and demand made for payment by the express agent."

There was a verdict and judgment for the plaintiffs for sixty dollars, from which they have appealed to this court.

The plaintiffs' instructions requiring the jury to find that a tender had been made to the express agent were founded upon a misconception of the law applicable to the case.

If it were a proper case for a tender, the mere fact that the note was made payable at the express office, did not authorize the express agent to receive payment thereof; and a tender to be good, must have been made to some one who was authorized to receive payment of the note. But it is the duty of the holder of a promissory note, payable at a fixed time and at a particular place, to have it there so that it may be paid by the maker when it becomes due, and if it be not at the designated place of payment at its maturity, and the maker be ready and offer to pay at the time and place appointed, he may plead such facts as he would plead a tender, and bring the money into court, not in bar, of course, of the action, but in bar only of the damages and costs. (Caldwell vs. Cassidy, 8 Cowen, 271.)

This rule is not affected by our statute on the subject of tender. To avoid a plea of tender, the plaintiff may show a

subsequent demand and refusal, but the demand must be of the precise sum tendered. (Berthold vs. Reyburn, 37 Mo. 586.) The same rule would seem to be applicable to a case like the present, where no formal tender is required. The defendant's readiness to pay at the time and place appointed, would have the effect of stopping the interest from that time, and when demand was afterwards made of him to pay the note with the interest which had accrued since the offer to pay, with knowledge that in consequence of such offer the defendant was only bound to pay the amount due on the note at the time of its maturity, such demand would not operate as a demand and refusal after tender. Moreover, to let in evidence on this subject there should be a plea by the plaintiff in avoidance of the facts set up by the defendant, to relieve himself of damages and costs. Here the replication was a general denial only of the facts alleged in the answer, and contained no plea of a subsequent demand and refusal. On the other hand the defendant, in order to avail himself of his readiness to pay at maturity, must bring the money into court; that is, he must deposit it with the clerk, and his plea will be held to be bad, unless he does so deposit it. This he has not done. But the law is, also, that a plea of tender admits the existence of the debt, and insists only on the fact that there has been an offer to pay. (2 Greenl. Ev., § 600.) Here the defendant seeks to avail himself of the benefits of his readiness to pay the note at maturity, which stands, as it were, in lieu of a tender, and endeavors, at the same time, to reduce the amount of the demand he thereby admits to be due. He cannot do both.

In accordance with the foregoing views, we hold, that the court rightly refused the instructions asked by the plaintiffs, and erred in giving the instruction asked by the defendant, as well as the one given of its own motion.

The judgment will be reversed and the cause remanded.

All the judges concur except Judge Vories, who is absent.