WILLIAMSON, *Appellant*, v. BALEY.

1. **Set-off:** TENDER. A plea of set-off accompanied by a deposit in court, as a tender, of the amount of the difference between plaintiff's demand and the set-off claimed, is a conclusive admission of the justness of plaintiff's demand, and will entitle the plaintiff to recover the amount of his demand, less such sum, if any, as the jury may find to be due from him to the defendant on the set-off.

2. **Money Loaned for Gaming.** Money knowingly loaned for the purpose of being used in betting on a game of chance, and actually so used, cannot be recovered.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*B. P. Williamson pro se.*

*C. F. Booher* for respondent.

HOUGH, C. J.—This is a suit originally instituted before a justice of the peace in Andrew county on an account for

$2, for medical services. The defendant filed a set-off for $1.50 for money loaned and twelve cents interest thereon, and deposited with the constable the sum of fifty cents and all costs then accrued, which sum was refused by the plaintiff. Judgment was rendered by the justice in favor of the plaintiff for the sum tendered and the costs then accrued, and against the plaintiff for all subsequent costs. The plaintiff appealed to the circuit court of Andrew county; a change of venue was taken to Buchanan county, and on a trial *de novo* in the circuit court of the last named county, there was a verdict and judgment for the defendant.

The judgment of the circuit court is clearly erroneous. On the face of the record, the plaintiff was entitled to a 1. SET-OFF: TENDER. judgment for the amount tendered and the costs of the suit to the date of the tender. Notwithstanding the defendant's tender, the plaintiff had a right to contest the validity of the defendant's set-off, and the jury should have been instructed that the defendant's tender admitted the justness of the plaintiff's demand, and that plaintiff was entitled to recover the amount thereof, less such sum, if any, as they might find to be due from him to the defendant, on the defendant's set-off. After the tender made in connection with the set-off pleaded, the defendant should not have been permitted to introduce testimony for the purpose of reducing the amount of the plaintiff's demand. *Mahan v. Waters*, 60 Mo. 167, 171.

There was testimony tending to show that the sum which the defendant claimed to have loaned to the plaintiff, 2. MONEY LOANED was loaned in "poker chips" at a game of FOR GAMBLING. chance, and upon this evidence the plaintiff asked the court to instruct the jury, "that if they believed from the evidence that the amount in defendant's set-off had been loaned plaintiff in a game of chance in which both were engaged at the time, and for the purpose of being used in betting on said game, and defendant knew the purpose of the loan, the jury will allow him nothing on

account of said set-off." Section 1548 of the Revised Stat-
utes makes it a misdemeanor in any one to loan or furnish
any money or property to any other person to be bet upon
any gambling device whatever, if the money or property
loaned be so used. The instruction asked is faulty in that
it does not contain the qualification contained in the statute
that the money was " so used," and it was, therefore, prop-
erly refused.

The court also refused the following instruction asked
by the plaintiff: " that upon the record the defendant had
admitted plaintiff's claim to be just and due, and the ser-
vice charged of the value claimed by plaintiff, and that
would allow plaintiff the full amount thereof." This in-
struction should have been given in lieu of the first instruc-
tion given by the court of its own motion, which is as fol-
lows :

I.    If the jury believe from the evidence that the
plaintiff about the time charged in the account sued upon,
rendered to defendant, or to any member of his family, ser-
vices as a physician, at the request of defendant, then the
jury should allow plaintiff therefor such sum as was rea-
sonable, at the time and place at which said services were
rendered.

The court also gave the following instruction of its
own motion:

2.  · If the jury believe from the evidence that defend-
ant, about the month of November, 1877, loaned plaintiff
the sum of $1.50, and that at the time at which the loan
was made it was not known to defendant that plaintiff had
borrowed the same for the purpose of using said money in
betting at a game of chance, then defendant should be al-
lowed for the sum so loaned unless the sum was re-paid, or
accounted for by plaintiff, and the winning of any sum by
plaintiff from defendant in a game of chance cannot be
considered by the jury as constituting a discharge or settle-
ment of the sum so loaned.

Under this instruction, if the defendant knew that the

money loaned by him to the plaintiff, was borrowed for the purpose of betting the same on a game of chance, he could not recover it back, although it may not have been used in betting. This instruction, therefore, contains the same vice found in the first instruction asked by the plaintiff. It is also faulty because there is no testimony upon which to base the last clause, viz., "the winning of any sum by plaintiff from defendant in a game of chance," etc.

For the reasons given, the judgment of the circuit court will be reversed and the cause remanded.

Counsel state that the costs in this case have already reached the sum of $400. It is no part of the duty of this court to lecture litigants, and we, therefore, refrain from characterizing this litigation as it deserves to be characterized; but we will express the hope that controversies like this will soon cease to find their way to a court of last resort, already overburdened with business of vast importance to the citizen and to the public. All concur.