Skinker v. Butler Co.

SKINKER v. BUTLER COUNTY, *Appellant.*

### Division One, November 28, 1892.

1. **County Funding Bonds:** PLACE OF PAYMENT. Where authority is given to a county to issue funding bonds, and no limitations as to their form are prescribed (except in respect to the rate of interest and term of the loan), the power to designate, in the bonds, a place of payment beyond the limits of the county, is implied.

2. ———: ———. Where no place for payment of county securities is designated, the county treasury is the proper place therefor.

3. ———: ———: INTEREST: DEMAND. When commercial paper is expressed as payable at a particular place, but no funds are there to meet it at maturity, interest thereon continues, even though the holder has made no demand for payment at the place named.

4. ———: ———: ———: ———. The principle last stated applies to municipal corporations as well as to individual obligators of bonds.

*Appeal from Butler Circuit Court.*

AFFIRMED.

*B. F. Scott* and *L. D. Grove* for appellant.

(1) The right to recover interest arises only out of contract, specifically or impliedly promising to pay, or by way of damage for failure to perform some legal duty. *Selleck v. French*, 1 Conn. 32. This case is reported as a leading case. See also notes to this case in 6 Am. Dec. 194. (2) The contract on which plaintiff sues consists as well of the bonds, the act of March 24, 1868, under which they were issued, and all the laws of the state governing the collection, of all of which the holder must take notice. (3) By the terms of the bonds as pleaded, the condition precedent of demand goes before the agreement to pay interest, and the evident intention of payment at the end of ten

years, and the act under which the bonds were issued negatives the claim that interest was contracted for. Hence, the right to recover interest after maturity must be based on some other right than that of contract right. (4) Plaintiff has pleaded no default of defendant, no failure of legal duty in making payment. Defendant was ever ready with its money to pay. (5) A municipal corporation need not seek its creditors, and tender him money due from it in order to stop interest on its debt. The municipal treasury is the place it expressly provides, and if it has funds on hand it is not liable for interest. *People v. Tazewell Co.*, 22 Ill. 151; *Johnson v. Stark Co.*, 24 Ill. 91; *Pepkin v. Reynolds Co.*, 31 Ill. 530; *Sherlock v. Winntk*, 68 Ill. 535; *Emlen v. Coal Co.*, 47 Pa. St. 76; *Friend v. Pittsburg*, 131 Pa. St. 305; *South Par Co. v. Denly*, 91 Ill. 91; *Evansville v. Railroad*, 15 Ind. 413. (6) That part of the bond providing for the payment at the Provident Savings Institution is void. *Pepkin v. Reynolds Co.*, 31 Ill., *supra.* And is against public policy, and will not be enforced. *Friend v. Pittsburg, supra.* (7) There can be no recovery of interest, if the paper is payable at a particular place, and the holder did not present it there for payment. Tiedeman on Commercial Paper, 310; *Phillips v. Franklin*, Gow. N. P. 196; *Murray v. East India Co.*, 5 B. & Ald. 204; *Walker v. Burn*, 5 Taunt. 240.

*T. K. Skinker pro se.*

The bonds and coupons being payable at the Provident Savings Institution, in St. Louis, it was the duty of defendant, if it wished to avoid the payment of interest, to have the money there at maturity. The fact that it had the money in the treasury at home will not avail. (1) As between individuals it is the settled

rule that, if a note be payable at a place named, interest runs on it without presentment at that place, unless the maker had funds there for its payment on the day when it became due, and kept them there. *Mahan v. Waters*, 60 Mo. 171; *Baltzer v. Railroad*, 3 Mo. App. 574; 3 Randolph on Commercial Paper, sec. 1119; *Hill v. Peace*, 48 N. Y. 520; Jones on Railroad Securities, sec. 334; *Emlen v. Coal Co.*, 47 Pa. St. 76; *Railroad v. Adams*, 54 Pa. St. 94; *Wallace v. McConnell*, 13 Pet. 136; *Langston v. Railroad*, 2 S. C. 248; *Robinson v. Lair*, 31 Iowa, 9. (2) A county, when it goes into the business of borrowing money and issuing bonds therefor, puts itself upon the same plane as an individual. This is true even of the state, which is regarded *pro hac vice* as a private person, and is bound accordingly. *State v. Walker*, 88 Mo. 283; *Hill v. Wisconsin*, 103 U. S. 5; *Curran v. Arkansas*, 15 How. 304; *Marshall v. Railroad*, 92 N. C. 322; Dillon on Municipal Corporations [3 Ed.] sec. 506. (3) In respect of its promise to pay money at a particular place, it is under precisely the same obligation as an individual to have the money at that place at maturity. *Township v. Wade*, 103 U. S. 695; *Wilson v. Neal*, 23 Fed. Rep. 129; *Baily v. Buchanan Co.*, 54 N. Y. Sup. Ct. (J. & S.) 237. (4) It was entirely competent for the county authorities to make these bonds and their coupons payable at the Provident Savings Institution in St. Louis. *First.* It is well-settled law in other jurisdictions that municipal authorities, when not restrained by express statute, may make their bonds payable wherever in their discretion they may deem best. *Maddox v. Graham*, 2 Metc. (Ky.) 56, 80; 7 Am. L. Reg. 747, 768; *Railroad v. Evansville*, 15 Ind. 395; *Meyer v. Muscatine*, 1 Wall. 384; *Supervisors v. Galbraith*, 99 U. S. 218; *Commissioners v. Clark*, 94 U. S. 284. *Second.* No law of Missouri forbade the

·selection of the Provident Savings Institution as the place of payment; on the contrary they rather permit it. Acts, 1868, p. 46; Revised Statutes, 1889, secs. 3219, ·3185, 3422. *Third.* There was nothing in the law in relation to county treasurers which made it obliga-. tory on the county to make the bonds payable at the county treasury. General Statutes, 1866, sec. 7, p. 227; sec. 43, p. 788; Revised Statutes, 1879, sec. 5369; *State v. Moore,* 74 Mo. 413; *State v. Powell,* 67 Mo. 395; *State v. Rubey,* 77 Mo. 620; Revised Statutes, 1889, .secs. 3216, 3222, 3165; *State v. Gates,* 67 Mo. 144; Constitution of 1865, art. 5, sec. 16. (5) The bonds bear interest after maturity until paid, at ten per cent., that being the rate borne before maturity, and promised to be paid from date "until paid." *Bank v. Forbes,* 79 Mo. 226; *Cromwell v. Sac Co.,* 96 U. S. 51. The coupons bear interest after maturity at six per ·cent. *Aurora v. West,* 8 Wall. 82; *Wilson v. Neal,* 23 Fed. Rep. 129; *Com. v. Canal Co.,* 32 Md. 547; *San Antonio v. Lane,* 32 Tex. 405; *Jeffersonville v. Patterson,* 26 Ind. 16; *Mills v. Jefferson,* 20 Wis. 50; *Pruyn v. Milwaukee,* 18 Wis. 369. (6) Even if it were granted that the county treasury and not the Provident Savings Institution was the proper place of payment, still the answer is insufficient, because there is no averment which shows that the bonds would have been paid at maturity if they had been then presented at the county treasury. *Mahan v. Waters,* 60 Mo. 176; 2 Parsons on Contract [5 Ed.] p. 645; *Walker v. Barnes,* 5 Taunt. 240; *Caldwell v. Cassidy,* 8 Cow. 271.

BARCLAY, J.—The action is upon three funding bonds issued by Butler county, dated April 29, 1871, and expressed to be for value received. Each promises to pay the bearer thereof, April 29, 1881, at the Provi-

dent Savings Institution at St. Louis, Missouri, $500, with interest from date until paid, at the rate of ten per cent. per annum.

The petition states in detail the facts showing the regular issue of these bonds under the "funding act" of 1868. Session Acts, 1868, p. 46. No question of their validity is raised. The defense relates solely to the proper rate of interest payable.

The trial court sustained a general demurrer to the answer, which stated, in substance, that no demand for payment had been made until February, 1880, but admitted that, when the bonds matured, defendant had no funds at the place named for payment.

Defendant with its answer tendered the principal amount with interest to maturity, etc., but refused to pay the ten per cent. rate from maturity.

The legality of that refusal constitutes the only question for decision.

I. By the statute under which these bonds were issued, express authority was given to the county to pay thereon "interest at not more than ten per centum per annum, payable semi-annually," and to attach interest coupons to the bonds. It was also enacted that the bonds should be "payable not more than twenty years from the date thereof."

Excepting the limitations thus indicated, as to the time and rate of interest, the form of these bonds was not prescribed. The county authorities might have fixed (as they in fact did) a shorter term than twenty years, or might have expressed in them a promise to pay less than ten per cent. interest. They had a discretion, within the limits of the law, to give the bonds such form, in those respects, as would enable the county to make the loan to best advantage. They, moreover, saw fit to designate as the place for payment

the Provident Savings Institution in St. Louis, Missouri.
On that point the funding act was silent; but as it
plainly authorized the making of the loan, and placed
only the limitations above noted upon the terms thereof,
the intent of the law-makers to invest the county with
discretion, in regard to the other formal and usual
parts of such commercial instruments, is very plain.
*Maddox v. Graham* (1859), 2 Metc. (Ky.) 80; *Rail-
road v. City* (1860), 15 Ind. 413. The designation of
the place for payment of principal and interest is a part
of the ordinary phraseology of such bonds when put
upon the market, and constitutes one subject of con-
sideration by persons advancing funds upon that kind
of securities.

In the absence of such a designation, the office of
the county treasury has been held the proper place for
payment as respects the running of interest. *Friend v.
Pittsburgh* (1890), 131 Pa. St. 305. But that ruling
does not support the deduction sought to be grounded
on it here, that the county may not, as part of such
instruments, properly name a place of payment outside
its territorial borders. Such appointment of a place
has often been expressly authorized when the law pre-
scribed the forms of bonds with minuteness (Session
Acts, 1872, pp. 278, 473; 1873, pp. 293, 361); and we
think the power to make such appointment is impliedly
committed by the funding act of 1868 to the sound
judgment of the county authorities, along with the dis-
cretionary powers given by that act in respect to other
matters of larger moment in the make-up of the bonds
already noted.

We conclude that the provision in the latter for
payment at the Provident Savings Institution is valid
and obligatory on the defendant.

II. Defendant, it is admitted, had no funds in or
at the savings institution when the bonds matured.

The failure of the holder, therefore, to demand payment then and there did not stop the interest at that date.

This is settled commercial law in the United States in respect to the obligation of individuals. *Mahan v. Waters* (1875), 60 Mo. 171; *Cox v. Bank* (1879), 100 U. S. 714; *Hills v. Place* (1872), 48 N. Y. 520. Nothing has been suggested towards establishing any distinction, in this regard, in favor of municipal corporations as makers of such paper, and we think such distinction untenable, unless founded on statutory provisions governing the bonds. No claim of that sort is advanced on this appeal.

It seems unnecessary to comment further upon the case, as it follows, from the application of the above stated principles of mercantile law, that plaintiff was entitled to judgment for interest as claimed, so soon as the proposition discussed in the first paragraph above was determined in his favor. The learned circuit judge so determined it, and we think correctly. The judgment is affirmed. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.