D. V. JOHNSON, Respondent, v. FRED A. H. GARLICHS, Appellant.

Kansas City Court of Appeals, November 18, 1895.

1. **Tender:** ADMISSION: ESTOPPEL. Where defendant makes a tender and keeps it good, as provided by statute, he thereby admits the sum tendered is due plaintiff and can not afterward be allowed to assert there is nothing due on the demand sued upon.

2. ———: EVIDENT REFUSAL: ACTUAL OFFER OF MONEY. Where the creditor would peremptorily refuse the sum offered, an actual tender is never *held* to be necessary.

3. ———: ON CONDITION. Defendant offered thirty cents as the balance due if the plaintiff would surrender an insurance policy. Plaintiff at that time had taken a position necessarily rejecting the policy and did in a couple of days surrender it. *Held*, the condition of surrendering the policy was not such a one as to avoid the tender, though as a general rule a tender should not be coupled with any condition.

4. ———: JUDGMENT: MONEY IN CONSTABLE'S HANDS: BAR. Where on a trial the plaintiff does not recover a greater sum than that tendered by the defendant, he is not entitled to a judgment, but only an order for the sum tendered and paid to the officer, which becomes the property of the plaintiff and constitutes a bar to the action.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Hall & Woodson* for appellant.

(1) The defendant tried every honorable way to prevent this suit. He offered thirty cents or forty-one cents by Fry before this suit was begun, and kept that tender good by depositing thirty cents with the constable after the suit was instituted, but before the trial of the cause had commenced. R. S. 1889, sec. 6210. (2) Tender of the amount due * * * is not essential * * * when it is apparent from the language used, that the tender would not be accepted. *Westlake v. The City of St. Louis*, 77 Mo. 47; *Kensland and Ferguson v. Insurance Co.*, 29 Mo. App. 538; *Diechmann v. Diechmann*, 49 Mo. 107. (3) The tender and offer by Fry to pay thirty cents to plaintiff before the suit was instituted, and the deposit of thirty cents with the constable of the township in which the suit is brought, before the trial had commenced, entitled defendant to have all the costs taxed against plaintiff. R. S. 1889, sec. 6210. (4) The law does not concern itself about trifles. Broom's Legal Maxims, page 124, star p. 106. (5)

Plaintiff voluntarily surrendered the policy of insurance and canceled the same. He can not vest any claim on the fact that the policy was canceled. The plaintiff himself canceled the policy and can not complain.

*Samuel S. Shull* for respondent.

(1) There was no tender before suit brought. The statement by Fry, that he would give thirty cents was coupled with a request for Johnson to surrender the policy. Tender must be unconditional. *Kitchen v. Clark*, 1 Mo. App. 430. Besides as the policy was yet in force, he could not make a tender in law. Nothing was said by Johnson which amounted to a refusal to take the money from Fry which could excuse Fry from offering the money. (2) There was no tender after suit at all because no sum was deposited to cover accrued costs. R. S., sec. 6212. (3) Appellant canceled the policy.

ELLISON, J.—This action is based on account for laundry work, the amount claimed being $2.01. On appeal to the circuit court, the judgment was for plaintiff for thirty-one cents. Defendant brings the case here.

It appears that defendant was the agent for one or more fire insurance companies and sent his clerk or solicitor to plaintiff to solicit insurance. The result of the solicitation was that defendant took out a policy of insurance for $550. It further appears that plaintiff first thought of taking a $200 policy, but afterward concluded to take one for the larger sum. After the policy had been running for more than two months, a misunderstanding arose between the parties, whether the whole premium for the larger sum was to be paid for in laundry work, or whether only such portion of it

as would have been the premium on a policy for $200. In the meantime, work to the amount sued for had been done by plaintiff for defendant. The evidence establishes that when the misunderstanding developed, the claim of the parties was this: plaintiff's position was that he was to pay for all of the insurance in laundry work, or, to state it another way, as applicable to plaintiff's case, the laundry work was to be paid for in insurance premium. Defendant's position was that a part of the insurance was to be paid for by laundry work and the remainder in cash.

The foregoing is a short and very general statement of the case. It is not given in detail, for the reason that the conclusion to which we have arrived as to the proper disposition of the case, makes it unnecessary.

There are two principal points suggested by defendant in support of his appeal. The first relates to the court's ruling on the instructions relating to the case generally; and the second relates to the court's action on the subject of a tender and its effect on the costs.

In the view we take of the case, there is no necessity to consider anything presented here by the parties, save the question of tender and its effect. This is for the reason that since defendant tendered to plaintiff, before the institution of the suit, thirty cents, he admitted that sum was due to the plaintiff for laundry work. He afterward kept the tender good by paying the sum tendered to the constable, as is provided by section 6210, Revised Statutes, 1889. When defendant made a tender and kept up such tender, as provided by statute, he thereby admitted the sum tendered was due the plaintiff and he can not now be allowed to assert that there is nothing due on the demand sued upon. *Mahan v. Waters*, 60 Mo. 167; *Williamson v. Bailey*, 78 Mo.

636; *Cilley v. Hawkins*, 48 Ill. 308; *Hubbard v. Kous*, 7 Cush. 556; *Johnson v. Ins. Co.*, 7 John. 315; *Spalding v. Vandercook*, 2 Wend. 431; *Phœnix Ins. Co. v. Readinger*, 28 Neb. 587.

The evidence of each party shows beyond dispute that defendant made to plaintiff what was equivalent to a legal tender of thirty cents before the suit was brought. (No contention appears between the parties relative to whether the correct amount was thirty or thirty-one cents, and we pass it by without the necessity of saying whether so small and insignificant a discrepancy would affect the result.) It shows an offer to pay him that sum, and while the money was not actually produced, yet the evidence discloses, without question, that plaintiff would have refused it. This is shown from the testimony of the plaintiff himself. Defendant offered to pay a smaller sum than that demanded by plaintiff, and it is apparent, from the language used by plaintiff, as stated in his own testimony, that he would have peremptorily refused the sum offered, had it been actually produced and held out to him. When such is the case, an actual tender is never held to be necessary. *Westlake v. St. Louis*, 78 Mo. 51; *Kingsland v. Iron Co.*, 29 Mo. App. 538. It is also undisputed that defendant paid such sum to the constable, as provided by statute.

But it is claimed that the tender was insufficient for the reason that it was coupled with a condition.

The evidence establishes the following facts in relation to such condition: After the misunderstanding developed, plaintiff went to defendant's office, where defendant, through his agent, offered him thirty cents (being all, according to defendant's contention, that he owed him, after deducting the premium for the time the policy had run), if he, plaintiff, would surrender the policy, as provided in the policy he might do at

any time. Plaintiff claimed there was $2.01 due him and refused to surrender the policy at that time. In a couple of days he returned to defendant's office with the policy, quarreled with the defendant, surrendered the policy, still claiming there was $2.01 due him, and went off to institute this suit. According to plaintiff's own theory that the laundry was to be paid for by the insurance, the moment he claimed that he should be paid in money, he necessarily rejected the policy, and it became his duty to surrender it up to plaintiff. He could not reject the contract and yet keep the policy. It may be said that defendant should again have offered him the money, when he left the policy; but it is clear it would have been a useless ceremony. Plaintiff was in the heat of anger in his demand for the amount of his bill. He would listen to no other suggestion than the correctness of his own position in the matter and, as before stated, went off to a justice of the peace and instituted this action.

We are aware of that rule of the law of tender that the debtor has no right to attach as a condition to his tender anything, the acceptance of which by the creditor would force an abandonment of the creditor's position; in other words, would compel him to admit, as a consequence of his acceptance, that he had no further claim. But in this case, as we have seen, the plaintiff was not put under this necessity by the condition annexed to the tender. The position taken by plaintiff himself at the time the misunderstanding arose, was that which, *ipso facto*, disentitled him from keeping the policy. His very right to prosecute this case on a money demand must be based on a throwing up of the original contract of insurance. The condition that he surrender it was of his own making and in full keeping with the position he assumed. Now, as a general rule, a tender must be unconditional. But there are cases

where, necessarily, a conditional tender is sufficient,—such as cases where there are concurrent acts to be performed by the parties. Thus, where purchase money is to be paid on the delivery of a deed of conveyance, a tender of a sufficient deed may be accompanied with the condition that the money be paid, and *vice versa.* It is the duty of the payee of a negotiable promissory note to deliver it to the payor upon payment, and the payee may tender the sum due, upon condition that it be surrendered, or, if lost, indemnity given. So the payor may attach as a condition to his tender, that collaterals given with his note must be surrendered. *Halpin v. Ins. Co.*, 118 N. Y. 165. So, where diamonds were deposited with the creditor as a pledge, it was held that a tender of the debt secured could rightfully be accompanied by a condition that the jewels should be delivered back. *Cass v. Higenbotam*, 100 N. Y. 253; *Loughborough v. McNevin*, 74 Cal. 250; *Moynahan v. Moore*, 9 Mich. 9; *Johnson v. Cranage*, 45 Mich. 14.

An application of these principles leads to the conclusion that the plaintiff was not entitled to a judgment, but only to an order for the sum tendered and paid to the officer; and defendant was entitled to recover the costs. It seems that when the sum tendered was paid to the constable, it became the property of the plaintiff. (On that question, the members of this court were agreed in *Voss v. McGuire*, 26 Mo. App. 452.) We are of the opinion that a tender, followed by payment to the officer as required by section 6210, Revised Statutes, 1889, operates as a payment of the demand, if the tender be found to have been the amount due the creditor, and should be regarded in the nature of a bar to the action. *Reed v. Armstrong*, 18 Ind. 446; *Call v. Lothrop*, 39 Maine, 434; *Berkheimer v. Geise*, 82 Pa. St. 65; *Bank v. Southerland*, 3 Cowen, 336. Unless the plaintiff prove a sum due greater than

that tendered and paid to the officer, the verdict should be for the defendant: authorities just cited.

The judgment will therefore be reversed, with directions to enter judgment for the defendant and that he recover costs, and that plaintiff have an order for the payment to him of the money tendered and paid to the officer.. All concur.