Osgood v. Westphelling.

---

E. L. Osgood, Respondent, v. James Westphelling, Appellant.

Kansas City Court of Appeals, November 1, 1897.

**Borrowed Money:** GAMBLING: DEFENSE. In an action for borrowed money defendant relied on plaintiff's evidence that he, plaintiff, knew a part of it was to bet on a game of poker and the supposition that some of it was so used. *Held,* the evidence did not make out a defense under the statute against loaning money to be bet on a gambling device.

*Appeal from the Buchanan Circuit Court.*—Hon. T. H. Parish, Judge.

Affirmed.

*Benj. Phillip* for appellant.

(1) It is elementary that before plaintiff can recover from the defendant he must show two things: *First,* that the defendant is indebted to him for money

loaned.   *Second*, the amount which the defendant owes
him.   If he proves merely that the defendant owes him
money, but fails to show how much, he can recover at
most only a nominal sum.   (2)   Plaintiff's own testi-
money showed that at least a portion, if not all, of the
money which he claimed defendant borrowed, was
knowingly loaned by plaintiff to defendant for the pur-
pose of being used by defendant in betting on a game
of chance and that it was actually so used.   So much
of the money as was loaned and used for this purpose
plaintiff can not recover, and the court therefore erred
in giving instruction number 1 on its own motion,
which told the jury that they should find for the plain-
tiff, if defendant owed him anything for money bor-
rowed, even though the indebtedness, or part of it, was
for money knowingly loaned by plaintiff to defendant
for the purpose of being used by the defendant in bet-
ting on a game of chance, and that it was so used.
*Williamson v. Baley*, 78 Mo. 636.

*Chas. C. Crow* for respondent.

(1)   Before the amount due respondent could be
reduced by appellant he must prove the exact amount
borrowed from respondent for gambling purposes.
This appellant failed to do.   (2)   It is not reversible
error to refuse an instruction upon the weight of the
testimony where no harm is committed.   *Harris v. Ex-
press Co.*, 67 Mo. App. 167.   (3)   The appellant made
the issue upon which this case was tried as follows:
"I never borrowed a cent from Mr. Osgood nor any-
one else in that poker room."   And did not make the
issue that the money was borrowed for gambling pur-
poses.   The same rule applies that would apply in
pleading, viz., that a party can not recover except on

the issue made. Appellant can not recover on a theory which is not presented to the trial court.

ELLISON, J.—This suit is on an account for $42 alleged to have been borrowed of plaintiff by defendant. Defendant denied that he borrowed any sum. Plaintiff recovered in the trial court.

The only witnesses were plaintiff and defendant. Plaintiff testified that he loaned defendant the sum of $42, and that he "knew" he wanted a part of it to gamble at poker. He did not know how much. That "he (defendant) used some of it I suppose to play poker on."

The statute makes it a misdemeanor for anyone to loan another any money to bet at a gambling device if the money loaned *is so used*. *Williamson v. Baley*, 78 Mo. 636. Here the evidence shows the money was loaned with knowledge that a part of it was to be used to bet on a game, but it does not show that it was so used. The plaintiff's supposition, under the circumstances shown, does not amount to evidence on that head. Ordinarily it would have been defendant's duty to have shown the character of the loan as a defense. But since he denied borrowing any money whatever and relies upon the testimony of plaintiff, it must be of such character as to make out his defense in order to allow it to avail him. The case therefore as it stood at the close of the trial justified the court in giving the instruction complained of and we will not interfere with the result.

*BORROWED money: gambling: defense.*

No brief has been made as to whose duty it was to show the exact sum illegally loaned if a part was illegal, or whether a part being illegal tainted the whole loan. These would have been important questions under any other view than the one we have taken above. Affirmed. All concur.