T. F. OWEN, Appellant, v. JERRY VANDYKE et al., Respondents.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Promissory Note:** EFFECT OF TENDER TO CONSTABLE: JUDGMENT. Where after the summons in a suit on a note in a justice's court is served on the defendant he pays the constable the balance and the cost he admits to be due, and the finding is in his favor on this issue, the judgment should be for the defendant, since the payment to the constable is the same as if made to the plaintiff and extinguishes the debt.

2. **Appellate Practice:** VERDICT. Where the evidence supports the verdict it must be accepted as final in the appellate court.

3. **Tender:** INSTRUCTION. On the record an instruction saying that a tender was admitted, is held harmless and supported by the record.

Appeal from the Macon Circuit Court.—*Hon. Andrew Ellison*, Judge.

MODIFIED AND AFFIRMED (*with directions.*)

*Dysart & Mitchell* for appellant.

(1) While it is apparent from this record that the plaintiff was entitled to recover and have judgment for a considera-

ble sum as the balance due on his note, and at least for a part of the costs, yet the judgment as rendered is for the defendants, and that plaintiff take nothing by his appeal (writ) and that defendants go·hence without day and recover their costs, etc. (2)  There was evident error in the second instruction given for the defendants.  It told the jury that it was admitted that $95 had been tendered, $90 to pay the balance due the plaintiff and $5 to pay the costs that had accrued up to the day of the tender.  There is no evidence in the record to warrant this instruction.  There is no evidence of any admission.  There is no evidence of the date of a tender, or of the amount of the costs that had accrued up to the date of the tender.  And it was error to assume that $90 was the balance due plaintiff, and that the cost which had accrued at the time of the purported tender was $5.

*W. H. Sears* and *D. R. Hughes* for respondents.

"The appellate court will not reverse a judgment on the ground of a verdict against the weight of evidence.  This rule is too well established to be questioned."  Bank v. Armstrong, 92 Mo. 265; State v. Young, 119 Mo. 495; Hull v. Railroad, 60 Mo. App. 593.

ELLISON, J.—Plaintiff sued defendant before a justice of the peace for the balance claimed to be due on a note.  There were several credits indorsed on the note but defendant claimed two which were not indorsed and aggregated $46.50.  These two items were all that were in dispute.  Defendant paid $90 to the constable after suit was brought and also $5 for costs accrued up to that time.  The result before the justice and in the circuit court was for defendant on the points at issue.  But in the circuit court the judgment was for defendant in the ordinary form where nothing is due a plaintiff.  In fact, $90 was conceded to be due him, since that sum was paid to the constable.

The plaintiff contends that as there was a balance due him there should have been a judgment in his favor for that balance. We think not. The payment to the constable was the same, in effect, as a payment to the plaintiff himself. The money became the plaintiff's and operated as a discharge of the debt to the extent of the payment, and the judgment should be just as though the payment had been made to plaintiff himself. Johnson v. Garlichs, 63 Mo. App. 578, and authorities cited; Griffith v. Jackson, 45 Mo. App. 165.

There was evidence tending to support the verdict and while strongly opposed by evidence in plaintiff's behalf yet the case is one where the result of a jury's consideration must be accepted as final.

Objection is made to an instruction saying that the tender was admitted. The instruction was harmless in view of the nature of the contest between the parties. Besides, an examination of the record shows enough to justify it. The evidence of tender was ample and undisputed. It was announced to the court by one of defendant's counsel that it was not disputed and plaintiff's counsel made no objection. The whole case shows that it was a matter conceded.

The judgment is affirmed. All concur.

The foregoing opinion is modified so as to remand the cause with directions that the trial court order the constable to pay the plaintiff the sum of $90 paid to him for the plaintiff.