JAMES A. EAGAN, Appellant, v. THOMAS J. MARTIN et al., Respondents.

Kansas City Court of Appeals, December 4, 1899.

1. **Covenant for Title:** DEFENSE: TENDER: CONFESSION: ADVERSE POSSESSION. Where in an action on a covenant for title the defendant tenders nominal damages and the costs, and when these are refused pays the same into court, he confesses to the cause of action and can not subsequently dispute the same by setting up title by adverse possession.

Eagan v. Martin.

2. ———: NOMINAL AND SUBSTANTIAL DAMAGES. Where the covenantor has not the title he conveyed, there is a breach of the covenant as soon as made and he is liable for nominal damages though unousted; but if the breach be followed by an ouster then he is liable for substantial damages.

3. ———: RECOGNITION OF PARAMOUNT TITLE. A covenantee may recognize a paramount title and need not await actual eviction.

4. ———: PRACTICE: ESTOPPEL. In an action on a covenant for title where the defendant tenders nominal damages, the plaintiff does not waive his right to a judgment by going to the jury on the defense of title in the defendant by adverse possession where he has demurred to defendant's case on the evidence.

Appeal from the Chariton Circuit Court.—*Hon. W. S. Stockwell*, Special Judge.

REVERSED AND REMANDED.

*O. F. Smith* and *A. W. Mullins* for appellant.

(1) The tender of one dollar by defendants to the plaintiff after the action was instituted, and the deposit of the amount of the tender with the clerk of the court, is a conclusive admission by the defendants that plaintiff's petition stated a good cause of action and that they were liable to him in damages, and such being the case the lower court manifestly erred in giving judgment absolutely for the defendants. 2 Greenl. on Evid., sec. 600; Johnson v. Garlichs, 63 Mo. App. 578, 581; Williamson v. Baley, 78 Mo. 636; Voss v. McGuire, 26 Mo. App. 458; Transfer Co. v. Neiswanger, 27 Mo. App. 356; Mahan v. Waters, 60 Mo. 167; Giboney v. Ins. Co., 48 Mo. App. 193. (2) The defendants elected prior to and at the first trial of this case, as to the grounds and theory of their defense, first by their tender and deposit for the plaintiff's damages, and second by the declarations of law asked by them and given by the court, they will be confined to that course adopted by them. Lilly v. Menke, 143 Mo. 137; McClanahan v. West, 100 Mo. 309; Bigelow on Estoppel [5 Ed.], 673, 717.

*C. C. Hammond* and *Kinley, Carskadon & Kinley* for respondent.

(1)    Instruction number 1 given for plaintiff and instructions numbered 1 and 2 given for defendants base the right of plaintiff to recover upon the question whether the right of Warren lodge to said lot had been barred by the statute of limitations, and the court accepting the theory tendered by plaintiff, found the right of Warren lodge had been barred and gave judgment for defendants.    Appellant can not complain that the court tried the case on this theory, for if error, plaintiff invited it.    Helm v. Helm, 52 Mo. App. 615; Mfg. Co. v. Pratt, 21 Mo. App. 171; Ellis v. Harrison, 104 Mo. 270.    If there was any evidence to sustain the finding of the lower court on the issues as shown by the instructions, this court will not interfere for the finding of the facts in a case at law are solely within the province of the trial court.    (2) The answer in this case absolutely denies liability, and presented the issues upon which the case was to be tried.    If there was a tender made outside of the pleadings and the appellant refusing to accept the tender can not now complain that he did not get it.    The appellant did not present this issue to the court below and can not raise it here for the first time.

ELLISON, J.—This action is for a breach of covenants of warranty contained in a deed made by defendants to the plaintiff.    The judgment in the circuit court was for defendants.

The case was in this court prior to this and will be found reported in 71 Mo. App. 60, where a statement of the facts may be found.    On a re-trial defendants, in order to show that they conveyed a good title to plaintiff, offered evidence tending to show that they had had open, notorious and continuous adverse possession of the whole property for a period of more than ten years, and that therefore they conveyed a good

title to the plaintiff and there was no breach of their covenants. The question of adverse possession was submitted to the court by each party and the court doubtless found for defendants on the theory that they had a good title by adverse possession. But plaintiff asked an instruction declaring that he was entitled to recover, which the court refused. This instruction should have been given for the reason that it was shown at the trial that after suit brought, defendants had made a tender of one dollar to plaintiff and paid the costs up to that time and plaintiff refusing the tender, defendants had paid the same into court. This tender was a confession of plaintiff's cause of action and can not now be disputed. 2 Greenl. on Evid., sec. 600; Johnson v. Garlichs, 63 Mo. App. 578, 581; Williamson v. Baley, 78 Mo. 636; Voss v. McGuire, 26 Mo. App. 458; Transfer Co. v. Neiswanger, 27 Mo. App. 356; Mahan v. Waters, 60 Mo. 167; Giboney v. Ins. Co., 48 Mo. App. 193.

There was then a liability on the covenants of warranty and the only question is as to whether it was a nominal or substantial liability. The tender was on the basis of the former. The rule is that if the covenantor has not the title he purports to convey there is a breach of the covenant as soon as made and the covenantor is liable for nominal damages, even though there be no ouster of the grantee. But if the breach of covenant be followed by an ouster there is then a right to substantial damages. In this case, as is shown when the cause was considered by us before, the plaintiff on the assertion of the paramount title did not need to await an actual eviction *vi et armis*. He had a right to recognize the paramount title of the Masonic Lodge. But defendants' claim is, that plaintiff had no right to recognize the title of the lodge since they had obtained that title by adverse possession and had conveyed it to plaintiff. But defendants can not make such claim in the face of the admission made by the tender that there was a breach of the covenants; an admission of a

breach of the covenants is an admission that they had no title by adverse possession. For if they had title by adverse possession there was no breach of covenants. Therefore, it being conceded all round that defendants did not have a paper title to the whole of the property and they having confessed by matter *in pais* that they did not have title by adverse possession, it must be that their defense fails and plaintiff should recover as declared in the former opinion.

But it is suggested that plaintiff submitted his case by instructions on the theory of adverse possession and that he is now estopped to set up the matter of tender. We think not. Plaintiff, as before stated, asked an instruction declaring in terms, without qualification, that he should recover. This was a demurrer to the defense and when it was refused, plaintiff was not precluded from going on and testing the case on other instructions. The rule which binds a party to the theory he adopts in the trial court and which prevents him from complaining of error in which he joined does not apply to such case. And so we decided in Bealey v. Blake, 70 Mo. App. 237.

It follows that the judgment must be reversed and the cause remanded. All concur.