EVA C. EGAN, Administratrix, etc., Respondent, v. THOMAS J. MARTIN et al., Appellants.

Kansas City Court of Appeals, January 5, 1903.

In an inquiry of damages for breach of a covenant for title, evidence showing the effect of a restriction on the power of disposal contained in plaintiff's deed is proper to be considered in measuring damages, and evidence of its effect on the value of the property is admissible.

Appeal from Chariton Circuit Court.—*Hon. W. S. Stockwell*, Special Judge.

REVERSED AND REMANDED.

*W. W. Rucker* and *Kinley & Kinley* for appellants.

(1)   It is conceded that by the deed from defendants to James A. Egan, he got all of the interest in the real estate in question except what was vested in the Warren lodge, and in determining the value of the lodge's interest the limitations on its estate was a proper subject of inquiry, hence, the court committed error in refusing to permit such inquiry and in refusing defendants' instruction No. 2.   Hill v. Golden, 16 B. Mon. 554; Terry v. Drabenstadt, 68 Pa. St. 400; Raivle Cov. Title (5 Ed.), par. 186; Guthrie v. Pugsley, 12 Johns. 126; Tanner v. Livingston, 12 Wend. 83; Lockwood v. Sturdevant, 6 Conn. 373; Mills v. Catlin, 22 Vt. 98; Walpin v. Woodruff, 11 Ohio 125; Hoot v. Spade, 20 Ind. 326; Hall v. Gale, 20 Wis. 292; Bibb v. Freeman, 59 Ala. 612; Weber v. Anderson, 73 Ill. 439; Wadham v. Jones, 4 Ill. App. 642; Cornell v. Jackson, 57 Mon. 506.

*A. W. Mullins, O. F. Smith* and *Harry K. West* for respondent.

(1)   It was expressly decided in this case on the first appeal (Egan v. Martin, 71 Mo. App. 60), that plaintiff's instruction as to the measure of recovery should have been given.   For refusal to give it the judgment was then reversed.   The same instruction, word for word, was asked and given, on the last trial.

It was always the law, and is certainly the law of this case. It is unnecessary to cite authorities to the effect that this question is now *res judicata*. Egan v. Martin, 71 Mo. App. 60; Egan v. Martin, 81 Mo. App. 676; Langenberg v. Dry Goods Co., 74 Mo. App. 12.

BROADDUS, J.—This case has been before this court on two former occasions and will be found reported in 71 Mo. App. 60, and 81 Mo. App. 676.

The action is for breach of warranty contained in a deed from defendants to James C. Egan. Since the case was last reported said Egan has died, the cause being revived in the name of the plaintiff herein as his administratrix. A statement of the principal facts of the case are set out in the opinion of Judge SMITH in 71 Mo. App. supra.

On the first appeal the cause was reversed for the reason that the court refused to give the following instruction in behalf of the plaintiff, viz.: "If the deed from the defendants to the plaintiff conveyed only the title to an undivided one-half of the ground described in said deed, then the plaintiff is entitled to recover in this case the reasonable value, not exceeding the purchase price of the said undivided half of said ground owned by said Warren lodge, with interest thereon at the rate of six per centum per annum from February 8, 1893."

On the second appeal the cause was reversed because the trial court found for the defendants on the ground that they had good title by adverse possession. This court holding that, upon the facts as shown by the record certain admissions were made by the defendants since the commencement of the suit precluded them from such defense.

On the last trial, now being reviewed, certain other questions were injected into the case that were not gone into on the two former trials. It is to the action of the court on these additional matters that the defendants claim that the court committed prejudicial error. The plaintiff, however, insists that all such questions were *res adjudicata*. But as they all relate to the measure

of plaintiff's damage, it will be seen hereafter that plaintiff is in error in that respect.

For a complete understanding of the questions involved it is indispensable that a copy of the material parts of the deed from John Cunningham and wife to the Masonic lodge be inserted in this opinion, which is as follows:

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of seven hundred dollars, to them in hand paid by the said parties of the second part, receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell and convey unto the said parties of the second part and their regular successors forever, subject to the conditions and covenants hereinafter mentioned, the following described real estate, to-wit:

"The undivided one-half part of twenty feet fronting on Bridge street and running back the full depth of the lot on the east side of lot No. (1) one, in block No. (1) one, in Redding's addition to the town of Keytesville, Chariton county, State of Missouri, to have and to hold said real estate, subject to the covenants and conditions hereinafter mentioned, together with the improvements thereunto belonging, unto the said parties of the second part and to their regular successors and assigns forever. And the said parties of the first part, their heirs, executors, administrators and assigns, and the said parties of the second part and their regular successors and assigns, covenant and agree to and with each other that the said parties of the second part and their regular successors and assigns shall have the exclusive right to use, possess, occupy, enjoy, rent, lease, convey or otherwise dispose of in any manner whatever all of the second story of the building now situated upon said lot hereinbefore described, free from the claim, right, trouble, molestation, suit, hindrance or interruption of the said parties of the first part, their heirs, executors, administrators and assigns, or any other person or persons claiming or to claim by, from or through them, or any of them, and that the said parties of the

second part, and their regular successors or assigns, shall at their own cost and expense make such additions, alterations and repairs as they may deem necessary to said second story, including the roof of said building, and that the said John F. Cunningham, his heirs, executors, administrators and assigns, shall not be chargeable either in law or equity with any portion of the expense incurred by reason of any additions or alterations or repairs that may hereafter be made to said second story or to the roof of said building. And that said parties further covenant and agree to and with the other that the said John F. Cunningham, his heirs, executors, administrators and assigns, shall have the exclusive right to use, possess, enjoy, occupy, rent, lease, convey or otherwise dispose of in any manner whatever, all of the first story of said building, free from the claim, right, trouble, molestation, suit, hindrance or interruption of the said parties of the second part, their regular successors and assigns, and that all additions, alterations, improvements and repairs done by said Cunningham or by any person or persons claiming under him shall be at his or their cost and expense, and that said Warren lodge No. 74, or any person or persons claiming under said lodge, shall not be held liable for any expense incurred by reason of such addition, alteration, improvements or repairs made to said first story of said building; and it is further covenanted and agreed by and between said parties of the first part, their heirs, executors, administrators and assigns, and the said parties of the second part and their regular successors and assigns, that partition of said described real estate shall not be made between the parties or any of them or between any persons claiming through or under any or either of them until such time, and upon such terms as the parties then owning said real estate shall mutually agree upon. And the said parties further covenant and agree that the said parties of the first part, their heirs, executors, administrators and assigns, and that the said parties of the second part, their regular successors or assigns, or any person or persons holding under, by or through them,

or either of them, may at any time convey the fee simple title to such undivided interest as said parties or either of them may have in and to said described real estate and appurtenances thereto belonging, and that such conveyance or conveyances shall not invest the purchaser or purchasers with any other or greater title and interest in and to said described premises than such as are held and enjoyed by the original parties respectively under this conveyance.''

It was the contention of defendants that certain conditions in said deed, which were binding upon both the said lodge and upon the grantor Cunningham, from whom defendants claim, were material elements which should be taken into consideration by the court in ascertaining the value of the ground which was to be the measure of plaintiff's damages upon the covenants of warranty of title; and with that view propounded the following questions to witness of the plaintiff:

''Mr. Chapman, what is the value of that lot of ground in controversy, subject to the right of Dr. Egan to use those premises and maintain a building thereon forever?'' ''Mr. Chapman, knowing the relations of the lodge to the owner of the lower room of the building on that lot as you do know it, I will ask you to state if in your judgment the one-half interest claimed to exist in the lodge is worth $300?'' ''With the limitations in the deed that the lodge claims under, and the only deed that it can claim under, providing that neither party shall partition the lot without consent of both the owners of the upper story and the lower story, what difference, in your judgment, does that make in the value of the land?''

Plaintiff's counsel objected to each one of these questions which the court sustained. It seems from an expression of the court while passing upon the competency of the proposed inquiry that it entertained the opinion that the holding of this court in the case on the first appeal limited the inquiry as to the value of the ground itself without reference to its value as affected by the conditions of the deed referred to. And it is

the contention of the plaintiff as stated that the questions presented were *res adjudicata.* An examination of the instruction which this court held should have been given does not warrant such construction. It was general in its nature and it was not intended to limit the evidence to the value of the ground merely as such, but it must be taken as meaning the value of ground as affected by the character of the title. It is apparent that the ground itself would be worth more without restriction upon the power of alienation than with such restriction. The deed in question provides against partition except upon such terms and at such a time as may be mutually agreed upon by the grantors and grantees. As it appeared upon the face of the deed that there could be no partition of the property except as stated, the court would, as a matter of common knowledge, know that the estate would be worth less than an unconditional estate, it was a pertinent inquiry to ascertain what its value was as it thus stood. The court by refusing to allow the witness to answer the questions propounded, prevented defendants from introducing evidence tending to prove the real damage plaintiffs had sustained by reason of the broken covenants of their deed. All of said questions were proper for the purpose stated because they all had reference to condition in the deed that tended to impair the value of the estate in the land in controversy.

All other questions raised by the appellants are matters that have been adjudicated in former appeals and are therefore not open for further controversy.

For the error noted, the cause is reversed and remanded. All concur.