## DEFOE v. BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY, FLA.

No. 10163.

Circuit Court of Appeals, Fifth Circuit.

Jan. 13, 1943.

W. Terry Gibson, of West Palm Beach, Fla., for appellant.

Zach H. Douglas, of Gainesville, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant is the owner of certain bonds, issued by appellee in 1919, which provide that the principal and interest thereon shall be payable at the banking house of the National Park Bank in New York City. In 1927 there was a merger of said bank and the Chase National Bank in New York, under the National Banking Act, 12 U.S.C.A. § 33, and the merged institutions continued to operate as the Chase National Bank. Appellee used the National Park Bank as paying agent until the date of the merger, and for several years thereafter used the Chase National Bank. It then elected to use the First National Bank of Gainesville, Florida, and notified its bondholders to that effect.

On January 1 and July 1, 1940, the maturity dates of interest coupons attached to said bonds, appellee had no funds at the Chase National Bank to pay the obligations; it had ample funds for that purpose at the First National Bank of Gainesville; but appellant declined to present his

coupons there for payment, and filed this suit to recover the amount of the coupons with interest from their respective due dates, and to require appellee to levy a special tax to satisfy the money judgment. Appellee, by answer, admitted liability for the principal of the coupons, and paid the amount thereof into court, but it denied liability for any interest thereon. The issue thus raised, whether appellant has an enforceable right to demand payment of his bonds and coupons at the Chase National Bank in New York, was decided by the court below adversely to appellant.

 The agreement as to time and place of payment of the bonds was a material part of the contract. Time is of the essence of any contract providing for the payment of interest, and a material change in the place of payment may involve not only forbearance from use of the money until the due date but also forbearance thereafter until collection may be effected, with the additional burden of collection charges not in contemplation of the parties when the contract was made. The provision for payment at the National Park Bank was binding upon and enforceable against both parties.[1] We must therefore determine whether the merger of said banks rendered impossible the performance of the agreement to pay at said banking house in New York City, and, if so, whether the obligor then had the right to select the place of payment that it did.

The statute under which the merger was effected provides that the corporate existence of each of the constituent banks participating in the consolidation shall be merged into and continued in the consolidated national banking association; that the consolidated association shall be deemed to be the same corporation as each of the constituent institutions; and that all rights, franchises, interests, and every species of property of each constituent bank is vested in the merged institution, to be held, enjoyed, and exercised in the same manner and to the same extent as held, enjoyed, and exercised in the hands of the constituent institution prior to consolidation.[2] The consolidation under re-

view, consummated pursuant to this statute, did not discontinue the existence of the National Park Bank or destroy its identity; its existence was continued and its identity preserved in the consolidated institution, namely, the Chase National Bank in New York.[3] Payments under the bonds could be, and for several years were, made through the consolidated institution, and neither party had the right to require payment or acceptance at any other place.

For the reasons stated, appellant was entitled to the relief sought, and his motion for a summary judgment should have been sustained. The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[1] Cf. Raymond v. Tyson, 17 How. 53, 15 L.Ed. 47; Meyer v. City of Muscatine, 68 U.S. 384, 1 Wall. 384, 17 L.Ed. 564; Mayor and Aldermen v. Lombard, 51 Miss. 111; Skinker v. Butler County, 112 Mo. 332, 20 S.W. 613; Kalman v. Treasure County, 84 Mont. 285, 275

P. 743; Daniels on Negotiable Instruments, Sec. 105; 40 Am.Jur., Sections 19, 20.

[2] 12 U.S.C.A. §§ 34, 34a.

[3] Cannon v. Dixon, 4 Cir., 115 F.2d 913; 1 Zollman, Banks & Banking, § 286.